.WOOD M. SMITH, ET AL., *v.* NANCY SHOEMAN..

## Administrator's Bond—Liabilities of Sureties.

> Where there are joint administrators each signing the bond with others, they become sureties for each other; and when one resigns or is discharged as administrator he is still liable on the bond.

### APPEAL FROM MERCER CIRCUIT COURT.

#### June 6, 1878.

OPINION BY JUDGE COFER:

Appellee was joint administratrix with M. E. Clelan of the estate of Thomas Dean, and the two as joint representatives of the estate executed a joint bond with the surety. Afterward the appellee married and her representative character ceased. See Sec. 16, Chap. 37, Revised Statutes.

By the joint bond executed by appellee and Clelan they became sureties of each other to the creditors and distributees that the estate would be correctly administered and distributed, and the obligations of appellee's bonds do not cease because she has ceased to be a representative of the estate of Dean.

This seems a hard case, but this view is sustained by unbroken

authority in this state.    See *Moore v. Waller's Heirs,* 1 A. K. Marsh. 488; *South's Heirs v. Hoy's Heirs,* 3 T. B. Mon. 88; *Anderson v. Miller,* 6 J. J. Marsh. 571; *Collins v. Carlisle's Heirs,* 7 B. Mon. 13.

Wherefore the judgment is *reversed* for further proceedings consistent with this opinion.

*Thompson & Thompson, for appellants.*
*C. A. and P. W. Hardin, for appellee.*