## Lacey's Executrix, et al. v. Lacey, et al.

(Decided May 12, 1916.)

### Appeal from Simpson Circuit Court.

Wills—Construction—Under a will by a husband having no children devising all of his property to his wife "and to any children which may be born to us" the wife takes a life estate, and the after born children the fee in remainder.

GEORGE C. HARRIS and G. T. FINN for appellants.

C. S. BRADSHAW for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

R. H. Lacey in 1915 died a resident of Simpson county, leaving his widow, the appellant, Lila P. Lacey, and appellees, Elizabeth Lacey and George Lacey, his only heirs and distributees.

In February, 1899, a short time after his marriage to the appellant Lila P. Lacey and before the birth of either of their children he made the following will, to-wit:

"I, R. H. Lacey, being of sound mind, do hereby publish and constitute this my last will and testament, revoking all others. I will and bequeath to my beloved wife, Lila Patterson Lacey, everything of every kind and description, real and personal, I may have or acquire for her sole use and benefit and to any children which may be born to us, and appoint her administra-

tor of my estate and request the court not to ask any bond, or inventory of my estate.''

This is an action by his wife as executrix and in her own right against the two infant appellees seeking an interpretation of the will.

The lower court adjudged that the widow and two infant children took jointly under the will each an undivided one-third interest in fee of the decedent's real estate and that they each took an absolute interest in one-third of the personal estate, and from that judgment the widow as executrix and in her own individual capacity has appealed.

We have here a newly married husband without children disposing of his estate, and it is perfectly apparent from the language of the will that he had in mind not only his wife but the children which he expected to be born to them; it is clear that it was his purpose if no such children were born that his wife should have his whole estate, but it is equally as clear that in the event that should happen he intended to provide for both. In the light of the subsequent birth of the children, the testator having such a contingency in view at the time the will was written, we can see no reason why the will should not be construed as if the children had been in existence at the time it was made.

To hold, as contended by appellant, that he intended to give his estate absolutely to his wife even though there should afterwards be children born to them, would be not only to ignore the plain provisions of the instrument itself, but would be equivalent to saying that the testator intended to do an unnatural thing; for that would make it possible, notwithstanding the subsequent birth of the children, to have his estate diverted entirely from the blood lines which men are prone to follow in the distribution of their property.

The intention of the testator is the single guiding star in the interpretation of wills, and knowing from the instrument itself in this case that he had in mind his after born children, there is no reason why the general rule of interpretation, so often applied by this court, that a devise by a husband and father to his wife and children should be construed to be a devise to his wife for life and the children in remainder, in the absence of something in the instrument to show a contrary intent, should not be applied.

The testator in this case, having no children at the time, but evidently expecting that he would have, was in a different attitude from one whose children were at the time in being; in view of that situation it is apparent that he intended to so frame his will as that if no children came to them his wife should be his sole devisee; but if such children came there is nothing to indicate that he intended his property to go any other way than in the usual lines and according to the natural rules.

In the case of Carr v. Estill, 18 B. M. 309, there was a devise by the testator "to Mary Baker Didlake and her children;" at the time the will was made Mary Baker Didlake was an infant and had no children, but subsequently she married and had one child, and the interpretation of that provision of the will was directly involved. It was contended there for the immediate devisee, as it is here, first, that she took an absolute estate, and second, that she took jointly in fee with her afterborn child, and many English authorities to that effect were relied upon.

The court, holding that Mary Baker Didlake took a life estate and the infant in remainder, responding to these arguments, said:

"It has been observed that the words of the devise, abstractly and literally, import an immediate gift not only to the devisee in being, but to those not in being. But there being no children *in esse* at the time of the devise, it could not have been the intention to give an immediate estate to them, for that were impossible. And as the words of the devise, as conceded by all the authorities, manifest a clear intent that the children shall take, the only consistent and rational construction is, that the testator intended the devisee, in being at the time, should take a life estate, with remainder to the children. A slight change in the phraseology of the devise will manifest the propriety of this construction. Suppose the testator had used the words, 'to Mary Baker Didlake and the children she may bear' (which was obviously his meaning), would it not be clear that, as there were no children in being at the time, and might not be at his death, he intended to invest an immediate estate in Mary Baker, and a future one in her children?

"It necessarily results that as the children must take under the devise, if effect is given to the intent, and as

it is impossible for them to do so *in presenti,* they must take *in futuro.* The reason of the English rule of construction failing in this State, the rule itself must fail, and the necessity is imposed upon us of resorting to a different rule of construction to carry out the intention of the testator. And the construction which we have given to the words of the devise is, as it appears to us, rational and natural. The mother, and also the children she might have, being objects of the testator's bounty, and there being no children *in esse* at the time of the devise, who could take jointly with the mother according to the literal import of the devise, we conclude that the intent was to give the mother a life estate, and the remainder to the children.''

In the case of Frank v. Unz, 91 Ky. 621, it is said:

''It may be regarded as settled law, in cases where the devise is by the husband directly to his wife and children, that the wife takes a life estate only, unless there is something else in the will showing a contrary intention.''

The above rule is quoted and approved in the case of Smith v. Smith, 119 Ky. 899, and that and many other authorities are referred to and commented on.

There being nothing in the will here to show a contrary purpose we entertain no doubt that the application of that rule will bring about a result in accord with the testator's intention.

The judgment is reversed with directions to enter a judgment conforming to the views herein expressed.