## Prindible, Jr. v. Prindible.

(Decided December 16, 1919.)

### Appeal from Johnson Circuit Court.

1. Wills—Construction.—The sole purpose of construing a will is to arrive at the intention of the testator as disclosed by the entire instrument, and where that intention is clearly expressed no technical rule of construction will be permitted to defeat it.

2.  Wills—Construction.—Expressing the confidence that his wife would make a fair allowance to his daughter by a former marriage, and would properly provide for his two children by her, testator devised all of his property to his wife and then added: "I make no restriction on her re-marrying, except in case she does she shall at once make proper provision for my children": Held, that the wife took an absolute estate subject to be defeated to the extent of a proper provision for the testator's children in case she married again.

W. H. VAUGHAN for appellant.

HAGER & STEWART for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

John F. Prindible died testate and a resident of Johnson county on January 11, 1918. He was survived by his widow, Ada Hager Prindible, and three children, of whom Loretto Hager Prindible and John Prindible, an infant over fourteen years of age, were born of his marriage with Ada Hager Prindible, and Hazel A. Prindible, now Hazel A. Justice, the wife of Frederick C. Justice, was the issue of a former marriage. At the time of his death John F. Prindible was the owner of certain real estate of but little value, and of personal property of the value of about $46,000.00, against which there was an indebtedness of about $5,441.00  The widow, Ada Hager Prindible, qualified as administratrix with the will annexed.

This suit was brought by Ada Hager Prindible in her representative and individual capacity against her children, Loretto Hager Prindible and John Prindible, and against Hazel A. Justice, the daughter of the testator by his former marriage, and her husband, for a construction of the will. The chancellor adjudged that the widow took an absolute estate in the property devised and bequeathed. John Prindible, by his guardian ad litem, appeals.

The will, which is wholy in the handwriting of the testator, is as follows:

"Paintsville, Ky., Feb. 9th, 1914.

"I, the undersigned, having complete confidence and that she was largely instrumental in accumulating the entire amount of my estate, do hereby bequeath to my

wife, Ada Hager Prindible, all of my personal and real property, feeling confident that she will make a fair allowance to my daughter, Hazel A. Prindible, of Washington, D. C., and properly provide for Loretto Hager Prindible, my daughter, and John Prindible, my son, both the latter children by her.

"I make no restriction on her re-marrying except in case she·does she shall at once make proper provision for my children. In other words, I want my brother, George E. Prindible, of Patton, Pa., to be made administrator, and in case he would not serve for him to have a proper one in his judgment to be appointed. Said administrator to allow Ada Hager Prindible a sum not to exceed $600.00 per year, if she wishes same, and said administrator to pay Hazel A. Prindible the sum of three thousand dollars in cash or good securities.

"(Signed) J. F. PRINDIBLE (Seal)."

The widow relies upon the rule that where property is devised absolutely, with unlimited power of disposition, a subsequent limitation over of such portion of the property as may remain undisposed of is void. Trustees Presbyterian Church, Somerset, Kentucky, v. Mize, 181 Ky. 567, 205 S. W. 674; Becker v. Roth, 132 Ky. 429, 115 S. W. 761. In support of this position it is argued that the first clause of the will gave the widow the entire fee to the property devised and bequeathed, and that the subsequent clause requiring her to make proper provision for the testator's children was invalid as being inconsistent with the fee. It must not be forgotten, however, that the sole purpose of construing a will is to arrive at the intention of the testator as disclosed by the entire instrument, and where that intention is plainly expressed, no technical rule of construction will be permitted to defeat it. Watkins, et al. v. Bennett, et al., 170 Ky. 464, 186 S. W. 182. Hence, if upon a consideration of the whole will it clearly appears that the testator intended not to devise the entire fee but a less estate, there is no place for the application of the rule that a subsequent limitation over is void because repugnant to the fee. Phelps v. Stoner's Admr., 184 Ky. 466, 212 S. W. 423. Looking at the will in question, we find that the testator gave his wife all of his property, "feeling confident that she will make a fair allowance to my daughter, Hazel A. Prindible, of Washington, D. C.,

and properly provide for Loretto Hager Prindible, my daughter, and John Prindible, my son, both the latter children by her.''

Of course, these words are mere expressions of confidence and impose no restrictions on the estate devised. But the testator did not stop there. He added the words, ''I make no restriction on her re-marrying, except in case she does she shall at once make proper provision for my children.'' Language could not be plainer. The testator clearly intended that his wife should have an absolute estate if she remained unmarried, but if she re-married, she should make proper provision for the testator's children. In other words, he gave her an absolute estate in his property subject to be defeated to the extent of a proper provision for his children in case she re-married. The case is one where the testator had implicit confidence in the fact that his wife would do the right thing by the children so long as the property was under her management and control, but felt it proper to protect his children against the rights, claims and influence of a second husband, who, as experience shows, would not be so considerate of their rights, and the construction adopted by the chancellor cannot be sustained without doing violence to the language of the will.

If, at any time, the widow desires to marry, she should ask the chancellor to construe the will and determine what is a suitable provision for the children.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.