## Young's Guardian, et al. v. Shaver's Executrix.

(Decided January 23, 1920.)

### Appeal from Mason Circuit Court.

1   Wills—Construction—Devise in Fee Simple.—A devise to testator's wife of the remainder of his estate for her use and benefit, there being no devise over and no evidence of an intention to create merely a life estate, will be construed as a devise in fee simple.

2   Wills—Construction—Intention of Testator.—The object in the construction of wills is to ascertain from the language employed the testator's intention, and to so construe the will as to effectuate that intention, providing same is not contrary to any positive rule of law.

3.   Wills—Intention of Testator—Presumption.—The presumption favors an intention on testator's part not to die intestate as to any of his property, and if the will is susceptible of two interpretations, one disposing of all the property and the other not, preference will be given the former.

4.   Wills—Construction.—General rules of construction will be followed when not inconsistent with the manifest intention of testator as ascertained from the whole will and attendant circumstances, but when ascertained, the intention of testator is controlling and rules of construction will not defeat it.

FRANK P. O'DONNELL for appellants.

A. D. COLE and J. M. COLLINS for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

"I, Samuel P. Shaver, of the county of Mason and state of Kentucky make this my last will.

"I give, devise and bequeath my estate and property, real and personal, as follows, to-wit:

"1st.   I order and direct that all my just debts shall be fully paid as soon as convenient.

"2nd.   I give to my five grandchildren, Volma V. Young, Golda A. Alexander, Everett W. Young, Mary T. Young, and Wayne S. Young, the sum of one hundred dollars, to be divided equally between them.

"3rd.   I give to my daughter, Martha E. Shaver the sum of one hundred dollars for her use and benefit.

"4th.   I give to my wife, Nancy E. Shaver, all the remainder of my property of whatsoever it may be for her use and benefit.

"5th.   I appoint Nancy E. Shaver, my wife, as executor of this my last will and direct that she sell and convey all of my property, both real and personal to carry out the provisions of this will.

"In witness whereof I have signed and sealed and published and declared this instrument as my will this 22nd day of January, 1917."

So reads the will of Samuel P. Shaver, probated July 21st, 1917, in the Mason county court.

In this suit seeking a construction of said will it is urged by appellants, testator's daughter and grandchildren, that under clause 4 of said will the widow received merely an estate for life.   In other words, the expression "use and benefit" gives her not the *res*, that is the thing itself, but merely the *jus ad rem*, the right to the thing.   Appellee, the executrix and widow, contends she takes an estate in fee simple under the will.   The chancellor sustained the latter contention.

In the construction of wills there are two rules of almost universal application; one is to consider all the provisions of the will and to ascertain from the language employed the testator's intention and to so construe it as to effectuate that intention, provided it is not contrary to any positive rule of law.   The other is, that the presumption favors an intention on the part of testator not to die intestate as to any of his property, and if the will is susceptible of two interpretations the one disposing of all the property and the other not, preference will be given the former.   General rules of construction will be followed when not inconsistent with the manifest inten-

tion of testator, as ascertained from the whole will and attendant circumstances, but the intention of testator when ascertained is controlling and rules of construction will not defeat the plain intention of testator. Watkins v. Vennett, 170 Ky. 464, 186 S. W. 182; Phelps, et al. v. Stoner's Admr., 184 Ky. 466, 212 S. W. 423; Shields' Exor. v. Shields, 185 Ky. 249, 214 S. W. 907; Prindible v. Prindible, 186 Ky. 280, 216 S. W. 583.

An intention on testator's part to dispose of his entire estate, seems clear when we consider the will as a whole. While perhaps not happy in the use of the words or terms employed, testator's intent is plain, and we find no evidence of any desire to create a life estate. After giving to his grandchildren and daughter specified sums; he gives the remainder to his wife, as he expresses it, "for her use and benefit," manifestly intending thereby to vest in her a fee simple estate in the remainder after the payment of his debts, and the special bequests mentioned. That the expression "use and benefit" was used in the third and fourth clauses and not in the second is not indicative of an intent to limit the former to a mere life interest. His endeavor was to treat his grandchildren (as a class) and his daughter alike, and yet to the daughter the bequest of one hundred dollars was for her use and benefit. He unquestionably intended the daughter to have the use of this money, that is to spend and enjoy it as she might wish, not that she was to have only the income therefrom.

In Lacey's Ex. v. Lacey, 170 Ky. 166, 185 S. W. 495, the court had under consideration the construction of a will containing this clause:

"I will and bequeath to my beloved wife, Lila Patterson Lacey, everything of every kind and description, real and personal, I may have or acquire for her sole use and benefit and to any children which may be born to us. . . ."

The lower court held that the widow and infant children took jointly under the will, each an undivided interest in fee, but in reversing the case we said:

"We have here a newly married husband without children disposing of his estate; and it is perfectly apparent from the language of the will that he had in mind not only his wife but the children which he expected to be born to them; it is clear that it was his purpose if no such children were born *that his wife should have his whole estate,*

but it is equally as clear that in the event that should happen he intended to provide for both. In the light of the subsequent birth of the children, the testator having such a contingency in view at the time the will was written, we can see no reason why the will should not be construed as if the children had been in existence at the time it was made."

In the Shaver will there is no such contingency, and if it should be construed as a devise to the wife for life there is no devise over after her death in favor of any one mentioned in the will.

In Dorsey v. Bryan, 170 Ky. 275, 185 S. W. 845, the will contained this clause:

"I give, bequeath and devise to my devoted wife, Sallie C. Bryant all of my estate, both real and personal, of every description to have and to hold and to enjoy as she may wish."

The court said that had testator stopped with said clause there would be no difficulty in at once deciding that he intended to and did invest his wife with the fee simple title to the estate devised. However, the will further provided that upon his wife's death a named trustee should take charge of his property for the purposes therein specified. It was held the devisee had the power to convey the fee simple title to the estate devised.

In Alsip, &c. v. Morgan, 33 R. 72, 109 S. W. 873, the will under construction provided:

"I, Alexander Alsip, being of sound mind and disposing memory, do publish this my last will and testament, to-wit: I will and bequeath to my wife, Polly Alsip, all my land and farming implements belonging thereto, in short all my estate, both real and personal, her life time, to manage and dispose of as she may see cause," and it was held that no other person being mentioned or referred to in the will, no devise over, no estate in remainder, it was manifestly the testator's intention that his wife should take all of his estate, with the right to dispose of such of it as she saw proper.

Roberts v. Lynn Ice Co., 187 Mass. 402, 73 N. E. 523, involved the construction of a lease covering the use and benefit of certain ice houses, and in the course of the opinion the court says:

"It is conceded in the case at bar, for example, that the plaintiff took a life interest at least in the real estate of her husband under a devise to her of all the residue

of his estate 'for her use and benefit during her life,' and it would have to be conceded that the remainder vested in fee in the grandson under a devise to him after her death 'for his use and benefit.' And see Lewis v. Shattuck, 173 Mass. 486. In M'Cullough's appeal, 4 Yeates, 23, it was held that a devise to a wife of 'the benefits of all my real estate' was a devise of the real estate. The conclusion was reached on the ground that a devise of 'the benefits' of real estate was equivalent to a devise of the profits of real estate, and it is settled that such a devise is a devise of the land. Co. Litt. 4b. Parker v. Plummer, 1 Cro. Eliz. 190. Stile v. Thomson, Dyer, 210.''

In Brohm v. Berner, 80 N. J. L. 460, 77 Atl. 517, it was held that a gift of testator's real and personal property to his wife ''to her own private use forever'' and after her death the balance to his and her relatives in equal shares, is a gift to the wife in fee simple; the word ''use'' implying more than a mere *usufruct*, and the word ''balance'' meaning what remains or is left over.

In Page on Wills, sec. 466, the author says:

''Under ordinary circumstances a man makes a will to dispose of his estate, or at least, of his estate as it exists at the time he makes his will. If, therefore, a will is susceptible of two constructions, by one of which testator disposes of the whole of his estate, and by the other of which he disposes of a part of his estate only, and dies intestate as to the remainder, the court will prefer the construction by which the whole of testator's estate is disposed of, if this construction is reasonable, and consistent with the general scope and provisions of the will.'

We have examined each of the authorities relied upon by appellant, but without entering into a detailed discussion of same we find that in practically all of them property was devised in trust for certain named beneficiaries, and in no one of said cases do we find language or facts similar to those presented by the record before us. In one of said cases, to-wit, Scott v. Scott's Admr., 32 Rep. 464, 105 S. W. 896, the court held that a devise to testator's wife of his estate ''to have and to hold and to use as she may wish'' was a divise in fee simple. In said opinion reference is made to Kentucky Statutes 2342, which provides:

''Unless a different purpose appear by express words or necessary inference, every estate in land created by

deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of.''

Being satisfied that testator intended to dispose of his entire property and that he clearly expressed this intention in his will, giving to his wife an absolute estate in the property remaining after the payment of his debts and the payment of the special bequests herein mentioned, we see no reason for disturbing the conclusions of the chancellor and the judgment is accordingly affirmed.