## Mann v. Freze, et al.

(Decided June 13, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Wills—Gift to Wife in Fee Simple, "with Power to Sell for Reinvestment," Held in Fee Simple.—Under will giving and bequeathing all property to widow in fee simple, "with power to sell for reinvestment," held, that widow took in fee simple.

2. Wills—Clause Held to Create Defeasance as to Part of Widow's Share on Remarriage.—A will, which in first paragraph gave widow fee simple title, and in second paragraph provided that, in case wife should remarry, she should take one-third of estate in fee simple, remaining two-thirds to go to daughters equally, created a defeasance as to such two-thirds.

3. Wills—Clause in Will Giving Wife Power to Sell for Reinvestment Held Not to Affect Fee-Simple Title.—Third clause in will, nominating wife as executrix, with power to sell and convey all her part of estate for reinvestment, her deed to convey fee simple title to purchaser, held not to affect wife's fee-simple title, given under first clause in will.

J. L. RICHARDSON and CHARLES CARROLL for appellant.

E. J. McDERMOTT and ERNEST MACPHERSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

This appeal presents the will of Wm. Freze, who died in 1894, for construction. This litigation is between his adopted daughter, Constance Mann, and his natural daughter, Tonika Freze, the first contending that by the will of William Freze she took a remainder in fee of one-half of his entire estate at the death of his wife, Marie Freze, to whom was given a life estate; or, if not that,

then a fee in one-third of all of said estate. The other contends that the wife of William Freze under clause 1 of the will hereafter copied, took a fee in all of the property, real, personal and mixed, owned by said Freze at the time of his death. Clause 1 of the will reads:

> "I give and bequeath to my beloved wife Marie Freze all my property of every nature and description real personal and mixed to have and to hold the same in fee simple with power to sell for reinvestment."

While there are other clauses of the will which apparently limit the fee devised by the first clause, we think the whole is reconcilable with the contention of appellee, that Mrs. Marie Freze took a fee in all of the property of her husband William Freze, subject to be defeated as to two-thirds thereof by her remarriage. It is urged, however, by appellant that clause 1, devising a fee to the wife limited that estate by the expression "with power to sell for reinvestment." We do not think such a construction can reasonably be placed upon this clause of the will. One who takes a fee by devise has, of course, power to sell the property for reinvestment or otherwise, and the words "with power to sell for reinvestment" were mere surplusage when added to the expression "in fee simple;" the devisee acquiring no rights through that expression with respect to the property which the fee simple title did not vest in her. The second paragraph of the will provides that in case the wife should remarry that she should take one-third of the estate in fee simple, the remaining two-thirds to go to the daughters, Constance and Tonika, equally. This created a defeasance upon the happening of which the wife's fee estate in the whole was reduced to one-third. The third clause upon which appellant relies to establish her contention that the will vested in the wife a mere life estate, reads:

> "I hereby nominate my wife Marie Freze as executor of this my last will and testimony without bond or surety with power on her part as executrix to sell and convey any or all my real or personal estate for reinvestment and her deed of conveyance as executrix shall pass a fee simple title to the purchaser."

This last clause, like the expression "with power to sell for reinvestment," found in the first clause of the

will, adds nothing to the estate or powers which testator vested in his wife, Marie Freze, when he devised to her his property of every character and kind in fee simple. Having given his property to his wife absolutely, authority to her as executrix to sell and convey his real and personal property for reinvestment, was wholly unnecessary and should have been omitted, except as to the two-thirds thereof which was to pass to the children on the remarriage of the wife, if such contingency should happen. Of course he should have had an executrix or executor to wind up his affairs, but it was not necessary for him to empower his executrix by will to sell and convey his real property which he had given to her individually in fee simple, but it was otherwise as to that part of the estate, if any, which passed to the children by reason of her remarriage. The will, we opine, was written by one inexperienced in that line of work. The words employed clearly indicate this. The only limitation placed upon the devise reduced the estate by two-thirds in case the widow remarried. It is conceded by appellant though not alleged or proven that the wife did not remarry. She therefore took a fee simple title to the whole estate. As holder of the fee simple title she had the right and power to dispose of what estate remained at her death by will, and this she did.

The chancellor sustained a demurrer to the petition to which a copy of the will is attached, praying the will be construed so as to vest the wife with a life estate only in part if not all the estate, and dismissed the cause upon the failure of appellant to further plead. Thus the court held in effect that the will of William Freze devised to his wife a fee in one-third of his entire estate and a defeasible fee in the remainder thereof; the other two-thirds passing to the children only on the remarriage of the wife.

Judgment affirmed.