## Hutter, et al. v. Crawford, et al.

(Decided June 22, 1928.)

### Appeal from Kenton Circuit Court.

1. Wills.—Wife, taking under will providing that residue of property after payment of debts shall belong to wife unless she at any time should remarry, then two-thirds thereof shall go to children, held vested with absolute estate in land, subject to defeasance of two-thirds thereof in event of remarriage.

2. Wills.—Will vesting wife with residue of property and empowering her to sell any part of real estate, and further providing that, in event of remarriage, two-thirds of property should go to children, empowered wife during life to sell and convey good absolute title, although as to two-thirds she owned but defeasible fee.

3. Wills.—Where wife, who took fee in property subject to defeasance as to two-thirds thereof in event of her remarriage, died without ever remarrying, held that her estate ripened into absolute fee, since condition of defeasance did not longer obtain.

STEPHENS L. BLAKELY and W. E. TYLER for appellants.

ELMER WARE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The question presented by this case is what character of estate was devised to Mary Hutter by this will of her husband:

"In the name of God, Amen:

"I, Nicholas Hutter, of Fiske street in the city of Covington, in Kenton county, in the commonwealth of Kentucky, being of lawful age and though weak of body, yet of sound mind and disposing memory, do make, publish and ordain this writing as my last and only will and testament, for the disposition of all my property of every description after my death, in the manner and words following to wit:

"Firstly: It is my will that my medical attendance and all my just debts of every description shall be firstly fully paid.

"Second: It is my will that all of the rest and residue of my property both real and personal shall be given to and belong to my beloved wife, Mary Hutter, to the end that she may the better control and educate my children in the ways of industry and morality and to this end I empower my said wife, Mary, to borrow money on my real estate or to sell any part of the same for the payment of all of my said debts, and that there may be no sale or sacrifice of my household furniture after my death.

"Thirdly: It is my will that the court shall cause no appraisement to be made of my personal property, so that my wife shall not be subjected to any expense or trouble or annoyance thereby.

"Fourthly: After all my said debts are fully paid I will and direct that all the residue of my estate both real and personal shall belong entirely and in fee simple to my said wife, Mary Hutter, *feeling certain* that she will do rightly in every way by all of my children.

"Fifthly: I do hereby appoint my said wife, Mary Hutter, as the sole executrix and legatee of this my last will and testament for the purposes, uses and intent above written, and furthermore it is my will that she shall not be required to give any bond whatever as executrix of this my will aforesaid.

"Providing nevertheless that if she ever at any time should marry again to any other man during her life, then it is my will that said property above named or whatever else it may be changed into shall be at once so divided that two thirds thereof shall go to and be equally divided amongst my children then living so that they shall share equally.

"In witness whereof, I, the maker of this will have this day signed, sealed and acknowlegded, and do publish this as my last will and testament for the uses and purposes herein above written, this seventh day of February, in the year of our Lord eighteen hundred and eighty-nine.

"(Signed)   NIC HUTTER."

The lower court held that she took a fee simple in one-third of the estate and a defeasible fee in the other two-thirds, subject to defeasance on her remarriage, which defeasible fee had ripened by her death without remarriage into an absolute fee. The appellants, contending that she took only a life estate, are complaining of that judgment.

In the case of Prindible v. Prindible, 186 Ky. 280, 216 S. W. 583, the testator devised his estate to his wife in these words:

"I . . . do hereby bequeath to my wife . . . all of my personal and real property, feeling confident that she will make a fair allowance to my daughter, Hazel . . . and properly provide for Loretto . . . my daughter, and John . . . my son. . . .

"I make no restriction on her remarrying except in case she does she shall at once make proper provision for my children."

We held that this devise created a defeasible fee in the wife of the testator, subject to being defeated to the extent of having to make proper provision for the children of the testator in the event of her remarriage.

The present case cannot be distinguished from the Prindible case, unless, as appellant urges, the second clause of the will, which purports to vest in the wife of the testator a power of sale, indicates that the testator intended her to take only a life estate coupled with a power of sale. However, taking the will as a whole it is patent that the testator intended his wife to take an absolute estate in the land subject to a defeasance of two-thirds thereof in the event of her remarriage. The authority given her by the second clause of the will was evidently so expressed to the end it could not be questioned but that his wife during her life had the power to sell and convey a good absolute title to the property, although as to two-thirds of it she owned but a defeasible fee. So construed, the second clause is in harmony with the other clauses of the will and effectuates the intention of the testator as therein expressed.

In Mann v. Freze, 203 Ky. 739, 263 S. W. 21, the devise was to the testator's wife, "to have and to hold the same in fee simple with power to sell for reinvestment." By a subsequent clause in the will, it was provided that, if the widow remarried, then the wife was to

have one-third of the estate in fee simple, the children to take the other two-thirds. We held that the wife took a fee-simple estate in the whole, subject to being defeated as to two-thirds thereof by her remarriage. We said the expression, "with power to sell for reinvestment," did not serve to cut down the estate as thus determined. This Mann case is quite apposite to the present one.

Mrs. Hutter, then, taking a fee in the property subject to a defeasance as to two-thirds thereof in the event of her remarriage, and she having died without ever remarrying, it results that the condition of defeasance can no longer obtain, and the lower court did not err in holding that on her death without remarrying her estate had ripened into an absolute fee.

Its judgment is therefore affirmed.