## Mouser et al. v. Srygler.

Oct. 19, 1943.

Finley Gibson, Jr., and Roy F. Mouser, C. E. Nichols, and Harry H. Wilson for appellants.

Dowling & Baird for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

We are called upon in this appeal to construe the will of G. R. Tharpe. The will follows: "I, G. R. Tharpe of sound mind and disposing memory, do make publish and declare this as my last will and testament. I will, devise and bequeath all of my real and personal estate to my daughter Mrs. Maude Adcock Tharpe so long as she remains a widow, or until she remarries, then in that event to go to her daughter, Mary Adcock. I will and bequeath to Harvey Murray, my grandson, the sum of Five ($5.00) Dollars."

The appellants challenge the correctness of the chancellor's ruling to the effect that the daughter, Maude Tharpe, took a life estate in all of the testator's real and personal property, and that, on the death of the daughter, or when she ceased to be a widow, all of the property should go to the granddaughter, Mary Adcock Srygler. We believe the ruling to be correct. The devise was to the daughter so long as she remained a widow, with the further provision that her interest would terminate in the event she remarried. We think it is clear that the remainder was to go to the granddaughter, Mary Adcock Srygler.

When we construe a will we view the instrument as a whole for the purpose of ascertaining the intent of the maker. Furthermore, we look to the attending circumstances at the time of the execution of the instrument, including the condition, nature and extent of the testator's property, and the motives which may have influenced him in disposing of his property in the manner in which it was done. Cummings v. Nunn, 290 Ky. 609, 162 S. W. (2d) 213.

The record discloses that Maude Tharpe had married Will Adcock, to which union eight children were born, the youngest being Mary, who was some four years

of age when her parents separated. Several years prior to the death of G. R. Tharpe in 1929, and after the separation, Will Adcock took all of the children, except Mary, to California, where they made their home. Maude Adcock took her daughter Mary to live with her father, and they lived as one family until his death. The mother and daughter continued to live together in the home place until the mother's death in 1942. For whatever it is worth, three of Mary's brothers and sisters executed a deed to her to any interest which they might have in their grandfather's estate. Some significance may be attached also to the fact that the testator gave to his only grandchild, other than the Adcock children, the sum of $5. This would indicate that he thought he was making a full and final disposition of his property by his will. When the instrument is looked upon in the light of the aforementioned circumstances there remains no doubt in our minds that the chancellor correctly construed G. R. Tharpe's will.

Judgment affirmed.