## Thomas v. Stafford et al.

October 10, 1947.

J. Wirt Turner, Judge.

Thomas & Thomas for appellant.

John M. Berry for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This case involves the construction of a brief but artlessly drawn will. Suit was originally filed by Edna Martin against her sister Mary A. Stafford and her niece Mary Frances Edwards, appellees, for a declaration of rights concerning their respective property interests under the will of her mother, Lutie Martin.

The principal controversy is whether Edna had a life estate or a fee simple interest in the real estate devised. The Court below adjudged that she had a life estate with remainder to appellees. After the entry of judgment Edna died, and this appeal has been prosecuted by appellant, her administrator.

The body of the holographic will of Lutie Martin is as follows (our italics):

"I, Lutie Martin of Henry County, Ky. being of

sound mind and disposing mind write this as my last will and testament.

"I bequeath to Mary A. Stafford one feather bed one white tufted white spread one Irish chain quilt and One Dollar in money *the rest of my property in old Campbellsburg to Miss Edna Martin as long as she remains single* including the Will McClellan lot we bought and added to the place for I have paid every dollar on it including taxes insurance and all interest owed on the money owed on it that makes it mine *I wish my husband Thomas Martin and my son Ira T. Martin to have a home* so long as they will do their part and all live agreeably together and do not marry they must try to make the living and not be quarrelsome if either of them marry must go to them selves unless Edna Martin wishes them to remain with her. *If Edna Martin my daughter or Ira Martin my son should pass away then what I have may be divided between Mary A. Stafford my daughter and Mary Frances Edwards my granddaughte* if Mary Frances Edwards should pass away without any heirs her part must go to Mary A. Stafford and Ira Martin."

This will was executed in 1925, and the testatrix died in 1930. In view of the unskillful language used, it is almost impossible to apply any fixed rule of construction to the will before us, except the fundamental principle that we should undertake to ascertain the intention of the testatrix by consideration of the entire instrument. Donelson's Ex'r. v. Coates, et al., 299 Ky. 608, 186 S. W. 2d 420.

Appellant contends that Edna Martin had a fee simple interest in the real estate devised, subject to defeasance in the event of her marriage. He reasons that: (1) The provision in the will "as long as she remains single" did not limit the estate to one for life, and (2) the provision "if Edna Martin * * * should pass away" must be construed as a contingency to take effect only if Edna Martin predeceased the testatrix, which event did not occur.

Careful reading of this will indicates that the principal object of testatrix' bounty was her daughter, Edna Martin. However, it is clear that the property was not

devised to her absolutely, as the testatrix had in mind two contingencies: (1) Her marriage, and (2) her death. Edna was to have the full use and benefit of the property at least until the time of her death if she did not marry. Apparently her mother intended that the property be used as a home, since she bestowed on her husband and son the right to live there so long as they would "do their part" and "live agreeably together." If Edna had a fee simple, she could cut off these rights.

Appellant argues that if we consider the clause "as long as she remains single" by itself, this was a devise of a defeasible fee under our decisions in Hutter et al. v. Crawford et al., 225 Ky. 215, 7 S. W. 2d 1043, and Hopson's Trustee v. Hopson et al., 282 Ky. 181. 138 S. W. 2d 365. On the other hand, appellees call our attention to the case of Mouser et al. v. Srygler, 295 Ky. 490, 174 S. W. 2d 756, wherein we held that somewhat similar language in a will created only a life estate. We do not feel it necessary to decide the effect of the quoted language standing alone because the later provisions must be construed in connection with it.

A significant additional provision is to the effect that if Edna should pass away, the property is to be divided between the two appellees, subject to divesture as to Mary Frances. Appellant contends that standing alone this contingency did not destroy the fee because the testatrix must have contemplated Edna's death *prior* to her death, which event did not take place. In support of this view, appellant cites the cases of: Wills v. Wills, etc., 85 Ky. 486, 3 S. W. 900; Prewitt et al. v. Prewitt et al., 178 Ky. 346, 198 S. W. 924; Poore et al. v. Poore et al., 226 Ky. 668, 11 S. W. 2d 721. If the contingency of Edna's death was construed independently, we might be inclined to follow the decisions in the above cases. However, we must consider the other expressed intentions in the will.

We find the following situation: (1) Edna was to have the property so long as she remained single, (2) she could not have any children in whom the testatrix might be interested, as her marriage would cut off her entire estate in the property, (3) testatrix' husband and son were given the right to live on the premises as a home for life, provided they fulfilled certain condi-

tions, and (4) testatrix' daughter and granddaughter were devised an interest in the property if Edna passed away. Considering these provisions, it is our conclusion that the testatrix did not intend for Edna to have the complete power of disposition, and that testatrix intended others who were the natural objects of her affection and bounty to enjoy the property when Edna was no longer able to do so.

We have considered the provisions of Subsection 1, section 381.060, KRS, which provides in substance that unless a different purpose appears by express words or necessary inference, an estate in land created by will shall be deemed a fee simple. In our opinion, the necessary inference from the language used is that Edna was devised only a life estate.

The judgment is affirmed.