## Cuddy et al. v. McIntyre et al.

April 18, 1950.

Sam Ward, Judge.

Napier & Napier, Redwine & Redwine, and Marcus C. Redwine, for appellants.

Barney Baker for appellees.

Van Sant, Commissioner—Affirming.

James S. Cuddy died testate on October 24, 1946 survived by his wife, Nanie McIntyre Cuddy, who, in turn, died intestate on June 24, 1948. After the death of his widow, Mr. Cuddy's brothers and sisters, being his sole heirs, instituted this action against appellees, Taylor McIntyre, administrator of the estate of Mrs. Cuddy, and Richmond McIntyre, her father and sole heir. The action was instituted under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a—1 et seq., for construction of the will of James S. Cuddy.

It appears from reading the will that the testator was a man of limited letters. The will reads:

'"To whom it will concern this is a will made out by James S. Cuddy to my wife Nania Cuddy McIntire I Will deed to her all my property in Powell Co and Wolf Co all so all my bonus Bonds they numbers 17 50.00 Bonds Property nown Flat Rock Lot 617 ft and turn over con tract between Collins and us to collect from them all so the house and lot here we will make a deed for and Elbert Newberry that is located on right of ½ mile south of Chriuper Ky all so my 1936 shave car and

all my belonging up to my clock watch power machine and ever thing I have got in this world over To have and to hold as long as She remains the wife of me James S. Cuddy Nanie Cuddy has right to Sell and convey aney part of this property to support her self that she sees need to as I do not want any my brother and sisters to try to take it are any part of it from her. I will here by deed the following to my Bro and sisters Henry Cuddy 1 dollar Mary Frances Cuddy Baily one dollar to Dudley Cuddy one dollar and Harvy Cuddy on dollar cash Susie Cuddy one dollar cash.

This does not take afect till my death wit my will

"James S. Cuddy"

Many abstract rules for construction of wills have been adopted and resorted to in innumerable cases in this and other courts. But in the final analysis, they are resolved into what now is deemed to be the cardinal rule of construction; viz., the courts will look to the four corners of the will and determine what the testator intended to say from the language he used, and the courts will give effect to this intention, unless forbidden by public policy or positive provisions of the law. Childers v. Welch, 304 Ky. 700, 202 S. W. 2d 169, Cottrell v. Cottrell, 305 Ky. 663, 205 S. W. 2d 312.

Appellants themselves suggest that we mentally rewrite the will so that the pertinent part will read: "I, James S. Cuddy, will to my wife, Nanie Cuddy, all my property in Powell County and Wolfe County * * *, she to have and to hold the same as long as she remains my widow, with the power in her to sell and convey any part of this property that she may need for her support." They then ask that the document, so paraphrased and rewritten, be construed to convey a mere life estate in the widow in contradistinction to the defeasible fee declared by the Chancellor.

We are of the opinion that appellants' paraphrasing does no violence to the testator's intention and actually states his intention in a more concise and clear manner than that adopted by the testator himself. Wherefore, we will accept it for the purpose of our consideration. We would have no difficulty in determining the intention of the testator had the words (paraphrased) "with the power in her to sell and convey any

part of this property that she may need for her support" not been inserted in the will; and had such words been deleted, this action doubtless would not have been instituted, because the instrument, so deleted, would not be susceptible of the construction that a mere life estate passed to the widow by any stretch of the imagination or by application of any rule of construction however elastic. Hutter v. Crawford, 225 Ky. 215, 7 S. W. 2d 1043 and KRS 381.060. The will then would have devised a defeasible fee to Nanie Cuddy, the incident of defeasance being one which did not occur; viz., remarriage. But it is insisted that since in the sentence devising the widow's estate, the testator granted to her the power to sell and convey any or all of the property devised which she deemed to be necessary for her support, the testator manifested an intention to devise the widow a life estate coupled with the power to sell in the given circumstances. We are not prone to adopt this reasoning because, in our opinion, the power granted is not inconsistent with the devise of a defeasible fee. The right to sell and convey the property was a power which the testator granted to his widow to be exercised prior to her remarriage, if such should occur. The law will presume that a testator did not intend to die intestate as to any portion of his property, unless the contrary appears from the language used in his will. Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S. W. 2d 365, and Huffman v. Chasteen, 307 Ky. 1, 209 S. W. 2d 705.

It is apparent to us that, translated into phraseology most favorable to appellants and that which appellants themselves have supplied, Mr. Cuddy's will is susceptible of but one construction; viz., the fee simple title to all his property passed to his widow, subject to defeasance only in the event that she should remarry, but which event did not occur. The power to dispose of the property was not a limitation on the estate. It was merely a declaration of the testator's intention that, even should his widow remarry, she had the right to dispose of such property as she deemed necessary for her support previous to such marriage.

The decision in Peoples State Bank & Trust Co. v. Swope's Ex'r, 295 Ky. 18, 172 S. W. 2d 654, cited by appellants, is nowhere in point. There the property was devised to the wife "during her natural life" with directions that upon her death the property be sold, and,

after the payment of debts, the proceeds be divided equally between the testator's six children. Clearly the estate devised to the wife was one solely for life with remainder to the six children, although the testator granted to his widow the power to dispose of such property as was necessary for her support during her lifetime.

We are of the opinion that the Chancellor correctly construed the will.

The judgment is affirmed.