### TAYLOR et al. v. FARROW et al.

Court of Appeals of Kentucky.

April 24, 1951.

Stoll, Keenon & Park, Lexington, J. Marvin McIntire, Flemingsburg, for appellant.

Houston L. Wood, Maysville, for appellee.

MOREMEN, Justice.

John M. Purnell died testate, a resident of Fleming County, in 1942. His will read as follows:

"Will and testament of John M. Purnell, Deceased.

"Flemingsburg, Ky.    August 12th, 1916

"I, John M. Purnell of the County of Fleming and State of Kentucky being of sound mind and disposing memory do make and ordain this my last will and testament.

"First, it is my will that all of my just debts and burial expenses be paid.

"Second, I hereby will and bequeath to my beloved wife, Bertha J. Purnell, my entire estate both real and personal remaining after the payment of all my indebtedness to have so long as she may remain my widow, in case my widow should marry it is my will that she receive her lawful portion the same as if this will had never been written.

"Third, I hereby appoint my wife Bertha J. Purnell to execute this my last will and testament.

"Witness my hand this August 12th., 1916.

"John M. Purnell."

His widow, Bertha J. Purnell, did not remarry and died testate, leaving a will under the terms of which she bequeathed to her daughter, appellant Viola Taylor, the sum of $100, and the residue of her estate was devised to her three daughters

and her son equally share and share alike. The question presented by this appeal is whether or not the will of John Purnell gave to his wife a defeasible fee in his property or merely gave to her a defeasible life estate. If the widow received only a life estate, then she had no power to dispose of the property by will, but if she took a fee, she had the right to devise the property and to limit Viola's share to $100.

The question of the meaning of words similar to those used in the phrase "so long as she may remain my widow" has been presented to this court many times. Counsel for appellants contends that a dicothomy exists in the opinions filed in the various cases and, as a simple proposition, it is very difficult to reconcile them. Counsel also suggests that since we have never given a clear definition of the expression, we should adopt the rule which has been applied in almost all other jurisdictions, that the use of such language in a will vests the devisee with a defeasible life estate only and not with a defeasible fee.

We are committed to the rule of construction that requires the court to look to the four corners of the will and determine what the testator intended to say from the language he used, and the court will give effect to the intention unless forbidden by public policy or positive provisions of the law, Cuddy v. McIntyre et al., 312 Ky. 606, 607, 229 S.W.2d 315. We have also said that testamentary language, which long usage and judicial recognition have given a fixed meaning, will be treated as having been used with that meaning by the testator, Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S.W.2d 365. It is therefore necessary that cases involving the use of this expression be reviewed at some length in order to determine not only whether the phrase has a fixed legal connotation, but also to aid in concluding what the testator intended to say by the language used. In the early case of Napier v. Davis, 1832, 7 J. J. Marsh. 283, in discussing the legal import of the expression, "during her widowhood," the court said: "The will was not drawn with as much precision as is always desirable and important in such cases; and therefore, the intention of the testator may be somewhat doubted. But taking the first clause of the will by itself and construing it according to the letter—the punctuation, the rules of grammar and of common sense, it should be interpreted, we think, as limiting her entire interest to her life or widowhood."

So for many years we have been committed to the difficult assignment of determining what a person intended to say from the words he actually used. We shall not in this opinion attempt to catalog all the cases on the question here involved, but the more modern cases may be classified as follows:

### Defeasible Life Estate

In the case of Morgan v. Christian, 142 Ky. 14, 133 S.W. 982, 983, the will, in substance, devised to testator's wife the home farm and 87 acres of other land, with the right to sell the 87 acres to his two sons, the property being hers so long as she remained a widow, but if she remarried, the 87 acres would be divided between the boys, and the testator's daughter would have the home farm. The lower court held that the widow took a fee in said land and this court reversed the judgment saying: "The only question is: What estate passed to her by the will. She insists a fee. Appellants say a life estate, subject to be terminated or defeated by her marrying again. The intention of the testator, as gathered from the entire will, must control. Testator had three children. Two of them were then under age. If he intended his wife to have the fee, then the latter part of the will is meaningless."

However, it is well to note here that the wife did in fact remarry and, therefore, the estate would have been defeated even if it had been in fee simple.

In the case of Mouser v. Srygler, 295 Ky. 490, 174 S.W.2d 756, the will read: "I, G. R. Tharpe of sound mind and disposing memory, do make publish and declare this as my last will and testament. I will, devise and bequeath all of my real and personal estate to my daughter Mrs. Maude Adcock Tharpe so long as she remains a widow, or until she remarries, then in that event to go to her daughter, Mary Adcock.

I will and bequeath to Harvey Murray, my grandson, the sum of Five ($5.00) Dollars."

The court held that the daughter took a life estate which terminated on her death or when she ceased to be a widow, the remainder over to testator's granddaughter on daughter's death or remarriage.

The will presented in Thomas v. Stafford, 305 Ky. 559, 204 S.W.2d 940, devised the residue of testatrix' property to her daughter as long as she remained single, and expressed a wish that testatrix' husband and son should have a home on the realty devised so long as they lived together agreeably and did not marry, and provided for a division of property on the death of such daughter or son, between another daughter and granddaughter. The court held that the facts of the case, when considered with the language used, forced them to the conclusion that the testatrix did not intend for the first devisee to have complete power of disposition and that the first named daughter received only a life estate and not a defeasible fee simple interest in the realty.

### Defeasible Fee

In the case of Prindible v. Prindible, 186 Ky. 280, 216 S.W. 583, the will provided:

"I * * * do hereby bequeath to my wife * * * all of my personal and real property, feeling confident that she will make a fair allowance to my daughter, Hazel * * * and properly provide for Loretto * * *, my daughter, and John * * * my son, * * *.

"I make no restriction on her remarrying except in case she does she shall at once make proper provision for my children."

We held that this devise created a defeasible fee in the wife of the testator subject to being defeated to the extent of having to make proper provision for the children of the testator in the event of her remarriage.

In the case of Mann v. Frese, 203 Ky. 739, 263 S.W. 21, 22, all property was given to the wife in fee simple with power to sell for reinvestment. The second paragraph of the will provided that in case the wife should remarry, she should take one third of the estate in fee simple and the remaining two thirds should go to the daughters equally. The court said: "The only limitation placed upon the devise reduced the estate by two-thirds in case the widow remarried. It is conceded by appellant though not alleged or proven that the wife did not remarry. She therefore took a fee-simple title to the whole estate. As holder of the fee-simple title, she had the right and power to dispose of what estate remained at her death by will and this she did."

It is interesting to compare the foregoing case with the case of Hutter v. Crawford, 225 Ky. 215, 7 S.W.2d 1043, 1044, wherein the wife was devised property until she should remarry, then, in that event, two thirds thereof should go to the children, and where the court said: "The authority given her by the second clause of the will was evidently so expressed to the end it could not be questioned but that his wife during her life had the power to sell and convey a good absolute title to the property, although as to two-thirds of it she owned but a defeasible fee. * * *

Mrs. Hutter, then, taking a fee in the property subject to a defeasance as to two-thirds thereof in the event of her remarriage, and she having died without ever remarrying, it results that the condition of defeasance can no longer obtain, and the lower court did not err in holding that on her death without remarrying her estate had ripened into an absolute fee", because in the case of Mann v. Frese, it was indicated that she took a fee simple title to the whole estate subject to defeat while in the Hutter case she took an absolute fee simple title to one third and a defeasible fee in the remaining two thirds.

In the case of Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S.W.2d 365, the will reads:

"I, A. Henry Hopson, of the County of Logan, State of Kentucky, being of sound mind and memory do make and publish this my last will and testament.

"I give and bequeath to my beloved wife all my personal property and all my realty after all my just debts are paid so long as she remains my widow."

The court held that the widow acquired a fee simple estate subject to be defeated upon her marriage and held that the words, "so long as she remains my widow", are equivalent to saying "provided she remains my widow," and merely attached a condition which made the estate defeasible upon her remarriage.

In the case of Cuddy v. McIntyre, 312 Ky. 606, 607, 229 S.W.2d 315, at the suggestion of appellant, the court paraphrased the will so that when rearranged, it read: "I, James S. Cuddy, will to my wife, Nanie Cuddy, all my property in Powell County and Wolfe County * * * she to have and to hold the same as long as she remains my widow, with the power in her to sell and convey any part of this property that she may need for her support."

The court held that the will thus translated into phraseology most favorable to appellant was still susceptible of but one construction: viz., the fee simple title to all the property passed to his widow, subject to defeasance only in the event that she should remarry, but which event did not occur.

A bare statement of the foregoing cases suggests a condition described by Holmes when he said: "The growth of the law is very apt to take place in this way. Two widely different cases suggest a general distinction, which is a clear one when stated broadly. But as new cases cluster around the opposite poles, and begin to approach each other, the distinction becomes more difficult to trace; the determinations are made one way or the other on a very slight preponderance of feeling, rather than of articulate reason; and at last a mathematical line is arrived at by the contact of contrary decisions, which is so far arbitrary that it might equally well have been drawn a little farther to one side or to the other, but which must have been drawn somewhere in the neighborhood of where it falls."

The writer of this opinion is unable to draw a true distinction between all the cases above mentioned. A superficial difference might be made by saying that in cases where there is an expressed limitation or gift over to others, this court has held that the first donee received only a life estate subject to defeasance. But the certainty of the person or class which receives the estate in the event the first estate is defeated is not a true criterion because if such persons are not specifically named in the will, they may be definitely determined by the facts. However in consideration of all cases, the court will be guided by the mandate contained in KRS 381.060(1) which provides, "Unless a different purpose appears by expressed words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of", and resolve any doubt in favor of a fee simple title. It cannot now be said what decision the court might reach if some of the above cases were here for reconsideration but we have concluded that under the language used in the case at bar, testator's widow acquired a fee simple estate defeasible only upon her remarriage. She did not remarry; therefore, she had full right and power to dispose of the property by will.

By this opinion, after recognizing the existence of other cases apparently containing a contrary decision, we have construed the expression in this case, but we do not feel that the time has arrived where we may arbitrarily draw the line of demarcation between the sets of cases without reserving a right to seek the intention of the testator among the words used in the entire testament.

Wherefore, the judgment is affirmed.