61 So.2d 926 (1952)
RAULERSON et al.
v.
SAFFOLD et al.
Supreme Court of Florida, en Banc.
December 19, 1952.
E.W. Borden, Jr. and Burton G. Henson, Tampa, for appellants.
Martin & Martin, Plant City, for appellees.
ROBERTS, Justice.
The sole issue here is whether certain deeds executed by the appellee, Lorena Ernestine Saffold (hereinafter referred to as "Mrs Saffold") to the appellee, Ira Vernon Saffold, conveyed a valid fee simple title of the property described therein. The property came to Mrs. Saffold by devise from her deceased husband upon the following terms: "to be held, controlled, used, pledged, mortgaged or sold by my executors hereinafter named, in any manner that in her careful judgment may seem to be to the best interest of herself and to the estate so long as she remains single." Mrs. Saffold was named in her husband's will as executrix thereof, qualified as such, and the will was probated; the estate was closed and Mrs. Saffold had been discharged as executrix at the time of the conveyances here in question. Mrs. Saffold has never re-married.
The appellants attacked the deeds in question in proceedings instituted by them in the court below on the grounds (1) that Mrs. Saffold was incompetent to make such conveyances and (2) that she took, under the terms of the will, only a life estate in the property. The lower court *927 held that the deeds were impervious to such attacks, and rightly so.
Under the terms of her husband's will, Mrs. Saffold took an estate in fee simple determinable upon her remarriage. Restatement, Property, § 44, page 125. While restraints upon marriage are viewed with disfavor, Jenkins v. Merritt, 17 Fla. 304, a majority of courts hold that such a condition is valid where the person restrained is the spouse of the person imposing the restraint. Restatement, Property, § 426; 38 Am.Dec. 158 and cases therein cited. Since Mrs. Saffold had an absolute power of sale under the terms of the will and since the event upon which her estate was determinable had not occurred at the time of her conveyance of the subject property, her deeds operated to convey the fee simple title. See Thompson on Real Property, § 751 and 2202; Taylor v. Farrow, Ky., 239 S.W.2d 73.
The evidence amply supported the conclusion of the Chancellor that Mrs. Saffold was competent to make the conveyances in question; nor can we find that he erred in holding that the evidence was insufficient to show fraud, duress or undue influence in the execution of such conveyances.
For the reasons stated, the decree appealed from is hereby
Affirmed.
SEBRING, C.J., and TERRELL, THOMAS, HOBSON, and MATHEWS, JJ., concur.
FUTCH, Associate Justice, dissents.