**W. F. RAMSEY, Appellant,**

v.

**James F. HOLDER et al., Appellees.**

Court of Appeals of Kentucky.
June 22, 1956.

Wilson & Wilson, William D. Wilson, Owensboro, for appellant.

Bryon, Sandidge & Holbrook, Ridley M. Sandidge, Owensboro, for appellees.

CLAY, Commissioner.

This action involves the construction of the holographic will of Austin Ramsey. It provides as follows:

"I hereby give and bequeath, after all my debts are paid, all my property, both personal and real to my wife Beatrice Holder Ramsey, *so long as she remains my widow, giving her the right to dispose of any and all property as she may see fit.*

"*In the event of her marriage* the residue of my estate, shall revert to my brother, W. F. Ramsey, or his heirs." (Our emphasis.)

The testator died in June, 1943. His wife died intestate in August, 1953. This litigation is between W. F. Ramsey and the heirs of the wife. It is the contention of W. F. Ramsey that under the terms of the will the wife was devised only a life estate, defeasible on remarriage, and that upon her death all property not disposed of by her passed to him under the second paragraph of the will. On the other hand, the heirs of the wife maintain that the estate granted under the will was a defeasible fee, and that upon her death intestate and without remarrying that fee became absolute and passed to her heirs.

The trial court adjudged the estate created by the will was a defeasible fee which vested in the wife's heirs at her death.

Both parties have filed excellent briefs in which are cited a great number of cases bearing on the legal effect of the words used, the possible ambiguity in the language, and the right to introduce extrinsic evidence to interpret the will. We do not believe it necessary to engage in a lengthy discussion of the legal principles and the cases which have been presented to us, principally because we believe this particular will does not involve an intricate problem of interpretation.

The first clause of the will devises and bequeaths the testator's property to his wife "so long as she remains my widow": If the will stopped there, a nice question would be presented as to whether or not we should opine that the wife technically cannot be a widow after her death, and therefore that she had only a life interest in the property. The will does not stop there, however.

The next clause provides that she shall have the right to dispose of any and all the property as she may see fit. This is an unlimited right of disposition and has all the earmarks of a fee. It would be difficult to question the right of the widow during her lifetime (not having remarried) to transfer to another or others all of the estate left her by her husband. The absolute right of disposition seems crystal clear when we observe that the testator expressed no intent in the will to give the remainder to a third party. As in many of our cases, we are not confronted with a limitation over in the event of her death.

The last sentence of the will places the only restriction upon the absolute estate granted in the first sentence. That is, "In the event of her marriage" the residue goes to somebody else. She did not remarry. This limitation therefore dissolves into nothingness. Under the circumstances of this case, the last sentence of the will stands as if it had never been written insofar as it purports to limit the estate. It does serve one significant purpose however. It explains what the testator had in mind when he gave his property to his

wife "so long as she remains my widow". He did not want his wife to have his property absolutely if she became the prospective widow of somebody else. That is the only limitation we can read into or out of this will.

In cases of this kind it is always well to bear in mind the fundamental and important principle, not only recognized by the common law, but exemplified in KRS 381.060(1), that the law favors a fee. Oft times we are tempted to overlook this guiding principle, and considering extraneous facts and equities, attempt to direct the disposition of property the way we think it should go. That is what appellant would have us to do in the present case. Such a course would, however, clearly violate the expressed intent of the testator.

We do not think the conclusion reached by the trial court and ourselves requires the support of precedent. However, the following cases are precisely in point: Walton v. Jones, 216 Ky. 289, 287 S.W. 710; Davis v. Bennett's Ex'x, 272 Ky. 674, 114 S.W.2d 1150; Taylor v. Farrow, Ky., 239 S.W.2d 73.

The parties engage in an extensive argument concerning the admissibility of extrinsic evidence. The trial court permitted some proof of the circumstances surrounding the testator and rejected other evidence of his intent. We do not think the will presented such an ambiguity as would authorize the introduction of extrinsic evidence. Since the consideration of the evidence by the trial court did not lead to an erroneous conclusion, it is unnecessary to pass on his rulings with respect thereto.

We think it clear that the will itself devised and bequeathed to the testator's wife a defeasible fee which became absolute upon her death without remarriage

The judgment is affirmed.

CAMMACK, J., concurs solely on the ground that the will gives the widow the power to dispose of the property devised and bequeathed.