.D. G. PARK, ET AL. *v.* L. ANDERSON.

[Abstract Kentucky Law Reporter, Vol. 2—228.]

**Meaning of the Word "Maintenance."**

> The word "maintenance," as used by law writers, is used indifferently to mean clothing, food and shelter, or tuition, clothing, food and shelter, depending upon the circumstances surrounding the parties and the connection in which it is used. In such cases the meaning attached to the word and the intention of the parties becomes a question of fact, to be submitted to the consideration of the jury.

APPEAL FROM GRAVES CIRCUIT COURT.

February 15, 1881.

OPINION BY JUDGE HINES:

This action was brought by appellants against appellee as surety on the bond of E. Anderson, deceased, who was guardian for appellant, Nellie Park. Appellants sued to recover $500, charged to

have gone into the hands of the guardian and unaccounted for. To this appellee pleaded as a counterclaim and set-off a fee of $250 as attorney for the ward in a certain suit in which he was employed by the guardian, and certain other sums alleged to have been expended by the guardian for tuition of the ward. From a judgment for $395.40 this appeal is prosecuted.

The grounds for complaint in the motion for a new trial are the giving of instruction "A", the refusal to give "D" and "F", and permitting appellee to testify for himself in regard to the services rendered by him as attorney for the guardian. Instruction "A" is as follows: "The court, at the instance of defendant, instructs the jury that paper 'D', filed by plaintiff in this action, does not include or settle any amount that may have been paid by said guardian for tuition of said ward."

The paper "D" referred to in this instruction reads as follows: "We have this day settled the amount due Nellie Park and D. G. Park on the money received by Ewin Anderson as guardian for Nellie Hanson, from the Mutual Benefit Life Insurance Company from Eph Anderson, and have also settled the amount of allowance to said guardian for said ward, and for board and maintenance, allowing her the interest on said insurance money from the time said guardian received it until his death in July, 1876, including full amount to be allowed as guardian, September 23, 1878.

> (Signed)    ELIZA J. ANDERSON, ADMX.
>              NELLIE PARK, p. a. D. G. PARK.
>              D. G. PARK."

The terms of this contract, so far as they evidence a contract, do not appear to be so definite and certain in meaning that it can be said with confidence that it was or was not intended to embrace tuition. The term "maintenance" is used by law writers indifferently to mean clothing, food, and shelter, or tuition, clothing, food and shelter, depending upon the circumstances surrounding the parties and the connection in which it is applied. In such cases the meaning attached to the word and the intention of the parties becomes a question of fact that should be submitted to the consideration of the jury.

The evidence of appellee as to the contract with E. Anderson, deceased, was incompetent under Buckner & Bullitt's Civ. Code (1876), § 606, Subsec. 2. The other assignments of error not men-

tioned in the ground for a new trial need not be considered, nor need we consider the assignment of cross-error, as this is no cross-appeal, but for the errors indicated the judgment is *reversed* and cause remanded for further proceedings.

*D. G. Park, Hugh Rodman, for appellants.*

*W. M. Smith, for appellee.*