## Hackett's Trustee v. Hackett, et al.

(Decided January 26, 1912.)

### Appeal from Madison Circuit Court.

1. Wills—Devise in Trust—Character of Estate Devised.—In this case a devise by an uncle of a tract of land to each of two nephews, in trust for the support of themselves, their wives and children, and at their deaths to become the property of the children, and be divided between them, only gave their nephews equally with their wives and children the right to the occupancy of, and a support from, the lands, during the nephews' lives.

. 2. Inseparable Interest—Cannot be Subjected to Debts.—The nephews have no separable interest in the lands that can be subjected by a trustee in bankruptcy to the payment of their debts.

3. Pleading—Effect of Failure to Deny Allegation.—As the answers of the nephews and guardian of the children alleged that no profit is derived from the land over and above a support for the wives and children, and such allegation is not denied, the Circuit Court properly accepted its truth as confessed.

W. S. MOBERLY and GREENLEAF & HERRINGTON for appellant.

BURNAM & BURNAM and SMITH & SMITH for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was instituted in the court below by appellant, J. J. Greenleaf, trustee in bankruptcy of the estates of Jacob Hackett and T. B. Hackett, to subject to the demands of their creditors certain lands described in.

the petition alleged to be owned by them and fraudulently withheld from the hands of the trustee in bankruptcy. Jacob and T. B. Hackett and their wives and children, respectively, were made defendants.

The lands in question are held by the Hacketts and their families under the will of B. C. Hackett, deceased. Such parts of the will as relate to these lands read as follows:

"Clause second—I own 550 acres of land, more or less, located on the waters of Otter creek, in Madison County, Ky., and known as the Oren and B. C. Hackett farm. This land has been divided into two parts by survey, made by B. F. Crooke, surveyor, of said farm 300 acres, more or less, are in possession to T. B. Hackett, being the west part of the whole boundary and adjoining Ira Scudder, Mrs. John Davis, &c., of said boundary and being the east part thereof, 250 acres, more or less, are in possession of Jacob Hackett, I will said boundary of 300 acres, more or less, now in possession of T. B. Hackett, in trust for his use and benefit, and that of his wife and infant children residing with him equally for and during the life of said T. B. Hackett and that the representatives of any that may be dead take the dead parent's part or interest in said farm.

"I will said boundary of 250 acres now in possession of Jacob Hackett, in trust for his use and benefit and the use and benefit of his wife and infant children residing with him equally for and during the life of said Jacob Hackett and at the death of said Jacob Hackett, I will that said farm go to and be divided equally among all the children of said Jacob Hackett, and that if any of his children shall be dead then leaving issue or descendants, that they take their dead parent's part the same as if he or she were alive.

"I will that neither T. B. nor Jacob Hackett be required to execute any bond as trustees aforesaid, and that they shall manage said farms respectively and control the same according to their judgments, said trust farms shall be respectively held for the use and benefit only of Jacob and T. B. Hackett and their wives and infant children, who may reside with them on said farms, on the death of said T. B. and Jacob Hackett, respectively, and as they die, said trust shall cease and each of said farms shall descend as above provided."

It appears from the record that T. B. Hackett has five children and Jacob Hackett four children, and that

the children of both are all infants. As Jacob and T. B. Hackett and their wives are young and vigorous, it is probable other children will yet be born to them.

It also appears from the record that the testator, B. C. Hackett, an uncle of Jacob and T. B. Hackett, being a bachelor and childless, had made his home with their father, Oren Hackett, until the latter's death. His affection for the nephews was so great that he permitted them for many years prior to his death to occupy the lands, control and cultivate them, T. B. Hackett the 300 acre tract, and Jacob Hackett the 250 acre tract, for the support of themselves and families. In view of these facts and the language of the will itself, we think it obvious that the intention of the testator was, to continue after his death, the same provision that he had made during his life for the nephews and their families. He did not, therefore, as insisted for appellant, by his will devise the nephews an absolute estate in the lands or even an estate therein for life, but on the contrary, gave each as trustee for himself, his wife and children, the mere right to occupy and cultivate the land in his possession, during his life for the use and support of himself, his wife and children. The trust to cease at his death, as upon the happening of that event, by a further provision of the will, the title is to vest absolutely in his children.

The right of the wife and children of each of the nephews to a support from the land devised him in trust by the will and to live upon it, vested and became fixed at the death of the testator. This right of the wives and children could not be defeated by the trustee's removal from the lands or abandonment of the trust, or by removing them from the lands, for the trustees would not be permitted by thus violating the trust to increase their own interest in the trust estate, or diminish the interest of the wives and children. In such an event a court of equity would, for the protection of the wives and children and for the preservation of the trust estate, remove the trustees, appoint others in their places, and impose upon the latter the duty of cultivating, or renting the lands for the support of the wives and children. If either Jacob or T. B. Hackett should attempt to sell and convey whatever interest he may have in the land devised him, the purchaser would take nothing by the deed as the only interest of either therein is to live upon and cultivate, or otherwise manage the land for the support of himself

and family, and the purchaser could not perform the duties of either with respect to the trust, or take his place, or share as he may do, the benefits resulting from a residence upon the land with the wife and children.

In the case of Stillwell, &c. v. Leavy, &c., 84 Ky., 379, we had before us for construction the second clause of L. I. Fleming's will, which was as follows:

"I next leave my land claims in Woodford and Scott Counties, together with the negroes thereon, the stock of every kind, all the farming tools, household and kitchen furniture, to my wife, Nancy Fleming, for the support of all the family, and to be divided between her children by me, at her discretion; to-wit: John and James, Elizabeth, Louisa, Ann, Matilda, Sarah Allen."

The wife, while claiming under the will and assuming the trust, did not divide the land among the children, but sold and conveyed it to W. F. Jones for $32,634.75, who later sold it to another. More than thirty years after the sale of the land by Mrs. Fleming, her children brought suit to recover the land. The circuit court sustained a demurrer to the petition on the ground that the action was barred by the statute of thirty years' limitation. On appeal the judgment was affirmed on the question of limitation alone.

In avoidance of the statute, appellants contended that under their father's will their mother had a life estate in the land, and that this life estate was all that passed to her grantee by the deed from her; moreover, that as the mother died only a short time before the institution of the action to recover the land, the statute of limitations did not begin to run against appellants, as remaindermen under their father's will, until the mother died.

After referring to the cases of Collins v. Carlisle, 7 B. Mon., 14; McGaughey's Admr. v. Henry, &c., 15 B. Mon., 397, relied on by appellants in support of their contention, and differentiating them from the case under consideration, the opinion proceeds as follows:

"The provisions of the wills construed by this court in those cases are unlike the provision of the will we are now considering in this: The provisions in those wills gave to the children of the testators no immediate right to the use or enjoyment of the estate devised. Their mothers, under the wills, had the exclusive right to the use and enjoyment of the estate during their lives, except as voluntarily relinquished by them under their

power of appointment. Therefore, the children would have no interest in possession for which they could sue until after the death of their mother.

"The testator, by the clause of the will now under consideration, left the land in contest to his wife, Nancy Fleming, in trust for the support of all the family, which meant the children, with the discretionary power of appointment between the children at any time before her death, subject to the actual appointment between the children. They had an immediate right to the use and profits of said land for a support, not, however, to the exclusion of their mother.

"As the persons named as a class, who were to have the benefit of an immediate and continuing support out of the lands, were certain, and as the subject matter out of which their support was to arise was certain, and as the bequest as to that matter was imperative, therefore, if Mrs. Nancy Fleming by the sale of this land in 1854, violated the rights of the family (children) of the devisor by depriving them of a support out of it, they had an immediate right of action not only against Nancy Fleming, but against Willis F. Jones, to have said sale set aside, and the land restored to them for the purposes for which it was intended by the devisor. * * * Here Mrs. Fleming, as the deed shows, believed that she had the right under the will to sell the land. She did sell it by deed of record. She disposed of it as she believed she had the right to do. The rights of the beneficiaries were immediately affected by it. It was their duty, therefore, to look after their interests, and to take immediate action when their rights under the will were violated."

The case supra is conclusive of the question of construction in the one at bar. A number of cases may be found in which it has been held that where the interest of one of several beneficiaries of a trust is separable from the interest of other beneficiaries, it may be taken for his debts. Such was the doctrine announced in Stephens v. Backrow, etc., 104 Ky., 181; and White v. Thomas, Trustee, 8th Bush, 661. There are yet other cases which hold that an income given in trust for the cestui's support, can not be reached by creditors and thus diverted from the purpose for which it has been set apart, unless the creditor who seeks to subject it to his claim can show that the amount provided is more than adequate for the suitable maintenance of the bene-

ficiary. But this case does not fall within either of these rules, for the interests of Jacob and T. B. Hackett are not separable from those of the other cestuis que trust, nor does it appear that the income or profits derivable from the land devised either of them, is more than sufficient for the support of his wife and children. Indeed, it is alleged in their answers and in that of the guardian of the children, that there are no profits arising from the lands over and above what is necessary for the support of the wives and children, and these averments of the answers are not denied.

The provision in the will that Jacob and T. B. Hackett shall not be required to give bond as trustees, and that they shall manage the property according to their best judgments, does not, as claimed by counsel for appellant, manifest an intent on the part of the testator to vest in them an absolute life estate in the lands. This is a very common provision of wills and trusts, especially, where the testator has full confidence in the persons named as fiduciaries, and the property consists of land which cannot be easily wasted or disposed of. This provision, therefore, throws no light upon the question of construction, and it is well settled that if a trustee fail to faithfully discharge the trust imposed upon him, he may upon motion of the cestui que trust, be required to give security, or by a court of equity be removed from his trust.

The contention of appellant, that the purpose of the testator in devising to his nephews by his will the lands in the manner adopted by him, was to fraudulently prevent it from being subjected to their debts, can have no place in the consideration of this case. The testator was under no legal or moral obligation to the creditors of the nephews, and if it was his intention to keep the lands from being subjected to the payments of their debts, he had the right to devise them in such manner as would effectuate that purpose. But in our opinion his chief aim was to provide a means of support for their wives and children.

The judgment of the circuit court being in accord with the conclusion we have expressed, it is hereby affirmed.