## Feagan v. Metcalfe, et al.

(Decided November 26, 1912.)

### Appeal from Bracken Circuit Court.

1. Wills—Interest of Husband in Wife's Property—Action to Sell Interest in Real Estate Received as Devisee of Wife.—Where the will of a wife in which her husband joined provided that "at the death of either of us leaving the other surviving shall take, hold and enjoy all the real and personal estate of the decedent whatsoever that such decedent may be possessed of at the time of the death of such decedent in trust for the use and benefit of our children and heirs at law then living," a present interest in the property was devised to the children from which the father's interest was inseparable.

2. In an action to sell the interest in real estate which the husband received under such will, a demurrer was properly sustained to the petition.

ALLAN D. COLE, W. A. BYRON for appellant.

JOHN P. McCARTNEY, WORTHINGTON & COCHRAN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In 1893 appellant recovered a personal judgment against appellee, H. C. Metcalfe for about $400, and several executions were issued upon the judgment and returned "no property found." In October, 1911, appellant instituted this action in equity to sell a certain alleged interest of Metcalfe in real estate, which it was alleged he received as a devisee of the will of his deceased wife, Lizzie Metcalfe. The lower court sustained a demurrer to and dismissed the petition.

The property in which the interest of H. C. Metcalfe is sought to be sold belonged to his wife and was disposed of by her in a will in which her husband joined. That part of the will applicable to the questions under consideration, is as follows:

"1.  It is our will that at the death of either of us leaving the other surviving shall take hold and enjoy all the real and personal estate of the decedent whatsoever that such decedent may be possessed of at the time of the death of such decedent in trust for the use and benefit of our children and heirs at law then living, and no disposition is to be made of our present home and the lands thereto belonging until our youngest child shall obtain its majority; said home to be kept as a home for all of our children until they are all of lawful age.

"2.  It is our will that at the death of the surviving testator or testatrix all the property, real and personal, belonging to such decedent shall be equally divided between our children, to-wit: Lettie P. Patterson (late Metcalfe), Ward H. Metcalfe, Charles N. Metcalfe, Christena, Fayette and Henry C. Metcalfe, Jr., share and share alike, and that the children of those who may be dead shall receive the portion that the parent would have received if living," etc.

Appellant contends that the clause of the will which says, "The other surviving shall take hold and enjoy all the real and personal estate of the decedent whatsoever," &c., gave to the husband an estate separable from that of the children which can, therefore, be reached by his creditors. Appellant seems to have overlooked the words "that such decedent may be possessed of at the time of the death of such decedent in trust for the use and benefit of our children." These words follow immediately after the clause relied on by appellant, and we think clearly devise to the children a present interest in the property from which their father's interest is inseparable. This court has decided in several cases that when the interest of one of several beneficiaries of a trust is separable from the interests of the other beneficiaries, it may be taken for his debts. There are other cases which hold that the income given in trust for the support of children cannot be reached by creditors and thus diverted from the purpose for which it had been set apart, unless the creditor who seeks to subject it to his claim can show that the amount provided is more than adequate for the suitable maintenance of the beneficiaries, which appellant in this case has not attempted to show. The case at bar does not fall within either of the rules above stated. It is very similar to the case of Hackett, Trustee, v. Hackett, etc., 146 Ky., 408. That part of the will necessary for the consideration of that

case was copied into the opinion, and from it we copy the following:

" 'I will said boundary of 250 acres now in possession of Jacob Hackett in trust for his use and benefit and the use and benefit of his wife and infant children residing with him equally for and during the life of said Jacob Hackett, and at the death of said Jacob Hackett I will that said farm go to and be divided equally among all the children of said Jacob Hackett, and that if any of his children shall be dead then leaving issue or descendants, that they take their dead parent's part in the same as if he or she were alive.' "

A like provision was made with reference to his nephew, T. B. Hackett, and his family. In that case the court was of the opinion, and so decided, that the creditors of T. B. and Jacob Hackett could not reach their interests in the land for the payment of their debts. In that case T. B. and Jacob Hackett were expressly devised an interest in lands during their lives, but it was further provided that their wives and children were to enjoy the property jointly with them and at the same time, therefore, it was held that their interests could not be separated from that if their wives and children, as it would destroy the provision made for the wives and children, which could not be done, Several cases are cited in that opinion sustaining the construction placed upon the will in that case.

Appellant cites the case of Smott, etc. v. Heyser's Exr., etc., 113 Ky., 81, and claims that it allows a creditor to subject the interest a surviving husband has in the estate of his deceased wife as fixed in the statutes of Kentucky, and claims that it is not necessary, according to that opinion, for the husband to renounce the provisions of his wife's will. That case is unlike the one at bar. The husband in that case was not given anything by the will and for that reason there was nothing for him to renounce, while in the case at bar the husband joined with the wife in the will and he received an interest in her property thereunder.

For these reasons, the judgment of the lower court is affirmed.