### Dority, et al. v. W. E. Rogers & Company.

(Decided February 21, 1928.)

### Appeal from Todd Circuit Court

1. Parties.—In suit against trustee by judgment creditor of one to whom certain money was to be paid under trust to subject to, plaintiff's debts debtor's interest in trust fund, debtor's children, who were remaindermen under will establishing trust, held "necessary parties" under Civil Code of Practice, sec. 23, 28.

2. Trust.—Where trust company, receiving funds under agreement between husband and wife, learned that property turned over as trust property was part of another trust estate, it was duty of trust company to act accordingly, since trust property may be followed so long as it may be traced, and every one who takes it with notice takes it subject to trust.

3. Trusts.—Though trust estate may be subject by creditors to their debts under Ky. Stats., sec. 2355, creditor only stands in shoes of debtor, and can subject nothing more to his debts than debtor would be entitled to demand from trustee.

S. Y. TRIMBLE for appellants.

PETRIE & STANARD for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Appellees are judgment creditors of Mrs. James R. Dority. Their debts amount to something over $2,000. They brought these suits against her and the Fidelity & Columbia Trust Company to subject to their debts the interest of Mrs. Dority in a trust fund in the hands of the trust company, under a written contract made between her and her former husband, Claude Mimms, on August 29, 1902, under which an estate of something over $30,000 was turned over to the trust company, and this provision was made as to Eddie Mimms, who is now Mrs. James R. Dority:

"Said Fidelity Trust & Safety Vault Company is hereby authorized and directed to pay to the said Eddie Mimms from time to time as it becomes due the annual interest, profits and income on all of the aforesaid property and if necessary for her support may pay to her any of the principal thereof real and personal and is instructed to hold the remainder of the corpus of said property in trust for the children of the said Eddie Mimms after the death of said Eddie Mimms and at her death to pay the corpus or principal of the said estate to the said children if any be in money or choses in action, and to convey to them in fee simple their part of the said property that may then be real estate or visible personal property."

The trustee by its answer set up the fact that the estate turned over to it was a trust estate held by Mimms and wife under the will of Mrs. Mimms' grandfather,

Williams Watkins. By that will the testator, after making certain specific devises of his property, added this:

"All the remainder of my earthly substance I now have or may hereafter have whether at home or abroad, whether in bonds, notes at hand, money, houses and lands, I do leave give and bequeath to my grandchildren as above named, equally share and share. I make the above demise to all of my children as mentioned above for their own sole and separate use for the term of their natural lives only, and in a way and upon a condition that the said demise or any part thereof shall not be in any way bound or liable for the debts of any of my said grandchildren or for the debts of any other person, should any one or more of my said grandchildren die without issue in that event the share or shares of such decedent or decedents shall be .equally divided between the remaining grandchildren as named above. Any advances I may or have already made to either of my daughters or either of my grandchildren shall be deducted from their respective shares. The rents and profits on any real estate which may be embraced in this demise to my said granchildren, also the interest on any notes and bonds embraced in the same after paying the expenses of their education and etc., shall be theirs and at their absolute control and disposal after they arrive at the age of 21 years, at the death of my said grandchildren or any of them the whole legacies herein given to them shall fall and go to their respective children."

Mrs. Mimms' estate received under this clause about $125,000. She and Mimms lost or spent all of the estate except what was turned over to the trust company under the agreement above quoted, which was made in 1902. After this she, under orders of the Todd circuit court, drew out of the trust fund about $8,000 of the principal. The trust company insisted here that she should draw no more interest until this overdraft was made up. The circuit court gave judgment in favor of the creditors, directing the trustee to pay them out of the accruing income of the estate. The trust company appeals.

Mrs. Mimms has four children born of her first marriage. They are not parties to this proceeding; they are necessary parties, for they have an interest in the pro-

perty, and their rights cannot be finally determined unless they are before the court. By section 23 of the Civil Code of Practice, any person may be made a defendant who is a necessary party to a complete determination of the question involved in the action, and section 28 provides:

"The court may determine any controversy between the parties before it, if it can do so without prejudice to others; if it cannot do so it must require such other persons to be made parties, or must dismiss the action without prejudice."

In view of the importance to the remaindermen of the questions presented here, the court concludes that it must require them to be made parties to a complete determination of the questions involved.

Although the property was turned over to the trust company under the agreement between Mimms and wife, and that agreement does not refer to the will of William Watkins; still, when the trust company learned that the property turned over to it was trust property held under this will, it was its duty to act accordingly, for trust property may be followed as long as it may be traced, and every one who takes the property with notice of the trust takes it subject to the trust. The uncontradicted proof was that Mimms had no property, and all the property turned over to the trust company was the property which Mrs. Mimms received under her grandfather's will above quoted. While he had taken some of the deeds in his own name, he did so in violation of the trust and with notice of it; and this in no wise affected the rights of her infant children who were the remaindermen under the will.

Section 2355 of the Kentucky Statutes provides:

"Estates of every kind held or possessed in trust, shall be subject to the debts and charges of the persons to whose use, or for whose benefit, they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof."

While trust estates may be subject by creditors to their debts, the creditor only stands in the shoes of his debtor, and he can subject nothing more to his debts

than the debtor would be entitled to demand from the trustee. Appellees as the creditors of Mrs. Dority may only subject to their debts such part of the trust funds as Mrs. Dority might require the trustee to pay to her.

What her rights are this court cannot properly determine until her children are brought before the court.

The judgment is therefore reversed, and the cause remanded, with directions that the plaintiffs bring the children of Mrs. Dority before the court and for further proceedings consistent herewith.