## Department of Public Welfare, Commonwealth of Kentucky, v. Meek et al.
(Decided June 12, 1936.)

JOHN T. DIEDERICH and J. M. McINTIRE for appellant.

MARTIN & SMITH and HARRY F. PRICE for appellee.

Opinion of the Court by Chief Justice Clay—Reversing.

A. Mims, a resident of Catlettsburg, died, leaving the following will and codicil:

"Catlettsburg, Ky.

"Dec. 2nd, 1909

"I, A. Mims of Catlettsburg, hereby make this my last will and Testament—

"First: I direct that my just debts be paid by my Executrix as soon after my death as can be paid conveniently. My wife shall have all my personal and real property except the following—

"First Exception: My brother Jno. M. Mims shall have twenty-five hundred dollars. ($2500) set aside for his benefit, same to be placed in hands of his brother T. Mims or in case of his death or failure to act same is to be put in hands of Trustee or one appointed by Court to take same, and

Jno. M. Mims shall have not to exceed two hundred and fifty dollars each year out of said fund.

"Second Exception: Mary L. Young shall have the home and land belonging to me on the England Hill survey. My wife is to release same of her dower,

"Dec. 2, 1909.

"A. Mims

"In the event my wife shall not survive me then my Administrator shall pay to Maud Marcum, Five Thousand Dollars, out of my estate— same to—paid within one year after my death—

"And in said will Mary L. Young was willed the house and lands with it. I now own there including nine or ten acres back of said lands this I revoke and will it in trust for Mary L. Young, Ella Young and W. T. Young, the same to be placed in hands or Trustee or Committee appointed by the Court with power to sell same for their support if needed the money to be paid to M. L. Young, Ella Young and W. T. Young, and no greater amt, each six months than four hundred ($400-.00) until all is paid for their maintenance and in the event of the death *off* all of them before house and lands are sold or money all used for expense burial and necessary expense, all balance or land is to go to my wife.

"A. Mims."

John M. Mims, mentioned in the "First Exception," and for whose benefit the trust fund of $2,500 was set aside, was adjudged of unsound mind by order of the Boyd circuit court on June 12, 1914. Pursuant to that judgment he was admitted to the Eastern State Hospital on June 12, 1914, and there was cared for, boarded, and maintained continuously until October 27, 1923. On November 5, 1926, he was recommitted to the same institution, and remained there until his death on May 13, 1932.

Luther Meek, trustee of John M. Mims, brought this suit for the purpose of having determined to whom he as trustee should pay the balance of the trust fund remaining in his hands. Blanche M. Mims, individually, and as executrix of A. Mims, deceased, and John

M. Mims, and also Mary Young were made defendants. It appears from the pleadings that in addition to Mary Young, John M. Mims left several nonresident heirs. During the progress of the action the Department of Public Welfare filed its intervening petition claiming the entire trust fund for services rendered John M. Mims during his confinement in the Eastern State Hospital as a person of unsound mind. The facts were fully developed by the pleadings. It appears from the petition that Luther Meek was appointed trustee on May 8, 1925, and there came into his hands the sum of $1,-811.07; that he paid to Mary Young for the room and board of John M. Mims the sum of $540 and other expenses incident to the trust amounting to $653.50, leaving in his hands a balance of $1,157.57. It appears from the intervening petition of the Department of Public Welfare that the rate of pay for inmates of the hospital having property was $360 per annum, and that the entire claim of the Department of Public Welfare amounted to $3,992.48. A demurrer was sustained to the intervening petition of the Department of Public Welfare, and the court adjudged that Blanche M. Mims was entitled to the entire fund in the hands of the trustee. The Department of Public Welfare appeals.

The basis of the court's decision is that the fund provided for the benefit of John M. Mims to the extent of $250 per year was never a part of the estate of John M. Mims, and was not subject to his debts. Under our statute, estates of every kind held or possessed in trust shall be subject to the debts and charges of the person to whose use or for whose benefit they shall be respectively held or possessed, as they would be subject if those persons owned the like interest in the property held or possessed as they own or shall own in the use or trust thereof. Section 2355, Kentucky Statutes. It is only in those cases where the trustee has the discretionary power to withhold from the beneficiary all payments or beneficial use that the interest of the beneficiary may not be subjected to his debts. Wooley v. Preston, 82 Ky. 415. The test in every case is: Has the beneficiary such an interest in the trust estate that he may demand it from the trustee? If so, it is subject to his debts. If not, it is beyond the reach of his creditors who stand in his shoes. Dority v. W. E .Rogers & Co., 223 Ky. 238, 3 S. W.

(2d) 636. Looking at the will in the light of this rule, we find that the testator directed that his brother, John M. Mims, should have $2,500 set aside "for his benefit," the same to be placed in the hands of a trustee, "and John M. Mims shall have not to exceed two hundred and fifty dollars each year out of said fund." Clearly the testator did not intend to give to the trustee the absolute discretion to withhold all payments from his brother. On the contrary, he intended that his brother should have the benefit of the sum set aside, and that the trustee should pay his brother not exceeding $250 a year. The record discloses that during a portion of the time John M. Mims was not confined in the Eastern State Hospital board and lodging were furnished him by Mary Young. Suppose that her claim had not been paid, could it be reasonably insisted that John M. Mims' interest in the trust fund should not be subject to her claim? We think not, and no reason is perceived why the claim of the hospital stands on a different footing. The statutes provide that, where patients, who have been or may be supported in any of the asylums, have or shall acquire estates which can be subject to debt, they shall be liable for their board and maintenance, and authorize the Board of Charities and Correction, now the Department of Public Welfare, to sue and recover the amount of such patient's board at the rate fixed by the board, etc. Sections 216aa-37, 216aa-38, 216aa-39, and 216aa-40, Kentucky Statutes. As the liability is created by statute, the five-year statute of limitations applies. Section 2515, Kentucky Statutes; Schorer v. Central Kentucky Asylum for Insane, 113 Ky. 288, 68 S. W. 150, 24 Ky. Law Rep. 150. In the circumstances the Department of Public Welfare may subject the trust estate for a period of five years only, not at the rate fixed by the department, but at the rate of $250 a year, the amount which John M. Mims had the right to demand and receive from the trust fund. It follows that the demurrer to the intervening petition of the Department of Public Welfare was improperly sustained, and that the judgment, in so far as it directed the trustee to pay all sums remaining in his hands to Blanche M. Mims, was erroneous. However, any sum in excess of that payable to the Department of Public Welfare should be paid to Blanche M. Mims.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the intervening petition, and for further proceedings not inconsistent with this opinion.