## Calloway et al. v. Smith et al.

March 23, 1945.

King & Flournoy, Talbott Berry and W. B. Harris for appellants.

Harris & Drury, Withers & Lisman and E. R. Morton for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This case presents the question as to whether or not trust funds in the hands of a trustee, with discretionary power of alienation, can be subjected to the payment of the cestui's debts.

Rose Smith by paragraph 2 of her will provided as follows: "I devise and bequeath all of my estate, or the proceeds thereof, as follows: To Horace H. Smith, Jr., Five-twelfths (5/12); to Rose Ann Smith, Gene C. Smith, Bettie Smith and Anna C. Smith, children of Mason Venner Smith, four-Twelfths (4/12), and to Mason C. Henry, my brother, of Dixon, Kentucky, Three-twelfths (3/12). The children of Mason Venner Smith are to be charged with the cost of the marker to be placed at their father's grave, to be deducted from their interest in my estate as above devised."

This action has to do with that portion of the estate, namely: Three-twelfths devised and bequeathed to Mason C. Henry, brother of the testatrix.

R. W. Calloway had an unsatisfied judgment against the defendant, Latta Smith, in the sum of $1,885.76, and brought this action, which is in the nature of a bill of discovery, against Latta Smith, Mason C. Henry, and Morgan Hammack, the executor of the will of Rose Smith. Likewise the Mid-Continent Petroleum Corporation, having an unsatisfied judgment against Latta Smith, brought a similar action against the same parties for $3,264.60. The causes were consolidated and proceeded to judgment, wherein the court below held that Mason Henry was entitled to keep and hold the portion of funds devised to him as trustee for Latta Smith. It further found that since it was wholly within the discretion of Mason C. Henry as to when he should pay to Latta Smith any of said funds, that Latta Smith could not maintain an action against Mason C. Henry for such funds, and no creditor of Latta Smith, therefore, could subject any portion of the fund to the payment of his claims. From that judgment the appellants prosecute this appeal.

It appears that Mrs. Smith, a few days prior to her death, prepared, or had prepared, the will above, and after consultation with her attorney, in which she had remarked that her son, Latta Smith, had received of her

his portion of the estate, but that since he was having a difficult time, she felt sorry for him, and indicated that she would like to make some provision for him. It was decided that she would will to her brother, Mason C. Henry, the three-twelfths interest. After the will had been written, she sent for her brother to come to the hospital at Sturgis, Kentucky, to see her, at which time she informed him that she had willed to him a three-twelfths interest of her estate; reaffirmed her position that Latta Smith had received more of her estate than the others would receive, but that she felt sorry for him, and then told her brother that she wanted him to keep the money and pay it to Latta Smith just as he (Mason C. Henry) thought he needed it.

There appears to be no disagreement nor contention among the parties herein as to the existence of the trust established by parole, all of which rests on, and is established by, the conversation between Mason C. Henry and his sister, Mrs. Rose Smith. The devise was to Mason Henry with the request that he hold and keep it and give to Latta, not as Latta Smith wanted it or thought he needed it, but only as Mason Henry "thought he needed it" or, as "he thought Latta might need it."

We are called upon here to interpret the rights of the parties in the light of KRS 381.180, wherein it is provided: "Estates of every kind held or possessed in trust are subject to the debts and charges of the beneficiaries thereof the same as if the beneficiaries also owned the similar legal interest in the property."

In Restatement of the Law, under the title of Trusts, paragraph 155, it is stated: "In a discretionary trust it is the nature of the beneficiary's interest rather than a provision forbidding alienation which prevents the transfer of the beneficiary's interest. The rule stated in this Section is not dependent upon a prohibition of alienation by the settlor; but the transferee or creditor cannot compel the trustee to pay anything to him because the beneficiary could not compel payment to himself or application for his own benefit."

An outline by cases of the power to subject the interest of a beneficiary of a discretionary trust to the claims of creditors may be found in 123 A. L. R. commencing on page 1306. The prevailing rule, even where

it is provided by statutes as above, seems to be that in order that the interest of a beneficiary may be subject to the claims of creditors, it is essential that it be such an interest as could be enforced by the beneficiary himself. He must have some enforceable interest in the property devised—something directed to be paid to him, the payment of which he can legally enforce. See Davidson's Ex'rs v. Kemper, &c., 79 Ky. 5.

In Woolley v. Preston, &c., 82 Ky. 415, we find the following statement: ''The only cases in which this court has refused to subject property held in trust to the payment of the debts of the cestui que trust, have been cases in which a discretionary power was given to the trustee to withhold all payment or beneficial use to the cestui que trust. In such cases there was no ownership by the cestui que trust in 'the use or trust' of the property, but the 'ownership' was in the trustee, with the right to give or withhold at his pleasure. There was no claim of the cestui que trust which he could enforce against the trustee, and, therefore, no claim which the creditor, by substitution, could enforce against the trustee. Davidson's Ex'rs v. Kemper, 79 Ky. 11 (supra.)''

In Louisville Tobacco Warehouse Co. v. Thompson, 172 Ky. 350, 189 S. W. 245, 247, which was decided under the above statutes, the following rule was laid down: ''* * * where the beneficiary whose interest is sought to be subjected is given an enforcible interest in the property devised, that interest may be subjected to his debts. Such an interest is given when a specific sum is directed to be paid to him, and the payment of which sum he can legally enforce. It is likewise given when the language creating the interest is sufficient to give him an estate in the property devised, but when neither of these is given, and the sum which he is to receive is discretionary with the trustee, no interest is created which may be subjected to the payment of his debts.''

In Department of Public Welfare, Commonwealth of Kentucky, v. Meek et al, 264 Ky. 771, 95 S. W. 2d 599, 600, the court speaking through Chief Justice Clay wrote as follows: ''Under our statute, estates of every kind held or possessed in trust shall be subject to the debts and charges of the person to whose use or for whose benefit they shall be respectively held or possessed, as they would be subject if those persons owned the like in-

terest in the property held or possessed as they own or shall own in the use or trust thereof. Section 2355, Kentucky Statutes. It is only in those cases where the trustee has the discretionary power to withhold from the beneficiary all payments or beneficial use that the interest of the beneficiary may not be subjected to his debts. Woolley v. Preston, 82 Ky. 415. The test in every case is: Has the beneficiary such an interest in the trust estate that he may demand it from the trustee? If so, it is subject to his debts. If not, it is beyond the reach of his creditors who stand in his shoes. Dority v. W. E. Rogers & Co., 223 Ky. 238, 3 S. W. 2d 636.''

It is obvious that the exercise of the discretion of giving to Latta is not subject to control by Latta, and conferred upon him no right which he could enforce. Considering the devise in the will to Mason Henry, together with the parole trust as established by the conversation between Mason Henry and his sister, it appears that there was no intention to impose any enforceable duty or legal obligation to apply the property to the purpose of the trust, and seems to be so broad as hardly to create a trust.

Despite the persuasiveness of the argument in appellants' brief, and after due consideration of the cases cited therein, which it might be added, do not deal primarily with discretionary powers of trustees, nor parallel the circumstances in the instant case, we are inclined to the opinion that the parole trust did not vest such ownership in the cestui as would permit him to avail himself of the trust, nor give him such standing as would enable him to maintain a suit for same against the trustee.

We are not unmindful of the fact that a judicial dislike has been voiced against a settlor creating an estate in the cestui and then attaching the limitation that it shall be free from the claims of creditors. However, in the instant case, the devise was made to the brother with a parol trust created, in which the brother had discretionary power of disposal. This discretion is nowhere limited, nothing is mandatory, nor does there appear anywhere any imperative direction. It conferred no right upon the cestui. There is always that discretionary power to give to Latta as the trustee thinks he needs it standing between the cestui and the trust fund,

and, likewise, between the cestui's creditors and the trust fund.

There is nothing in this record that would create the slightest suspicion against the integrity and good faith of the trustee. He frankly testified of the conversation wherein the parole trust was created, and just as frankly disclaimed any interest in the trust fund. Considering the whole record, it appears to us that the testatrix created an estate in her brother, in whom she had implicit confidence, wherein she trusted him to pay to her son, Latta, out of the property as he thought Latta might need same.

We are, therefore, of the opinion that the court properly treated this as a discretionary trust unreachable by the creditors of the cestui.

Judgment affirmed.