## Huffman et al. v. Chasteen et al.

March 16, 1948.

2

J. J. McBrayer and Anthony Thomson for appellants.

Scott Reed, Troy Savage, J. Owen Reynolds, and Delmar D. Howard for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

This action involves the construction of the will of Robert Huffman, Sr., the pertinent part of which reads:

"(Item 2) All of the rest and residue of any property owned by me at the time of my death, I wish divided equally between my two sons, Edward Huffman and Robert Huffman, Jr., but the portion allotted to my son Robert Huffman, Jr., is subject to the restrictions and limitations set out in (Item 3) following.

"(Item 3) The portion of my property allotted to

my son Robert Huffman, Jr., I hereby place in the hands of my son Edward Huffman, to be held by him in trust for the use and benefit of my son Robert. Robert to receive all of the net proceeds derived from the property, after the payment of taxes and expenses incident to the conduct and management of the property.

"(Item 3) In the event Robert should die before his brother Edward, then in that event his half of the property is to pass to Edward or to Edward's child or children. I will here remark that it is my desire and wish that Robert continue to make his home with his brother and assist in every way possible to make the estate profitable."

The half interest in the estate devised his son, Robert, was $16,494.71, which went into the hands of the trustee, Bank of Commerce of Lexington, when Edward resigned and the bank assumed the trust.

Appellee, J. P. Chasteen, obtained a judgment against Robert for $300, caused an execution to issue thereon, which was returned "no property found;" whereupon, Chasteen instituted this action in the nature of a bill of discovery under sec. 439 of the Civil Code of Practice against the trustee, and obtained a general order of attachment against it. The chancellor ordered the will presented for construction and directed that Edward and his one child be made parties and a guardian ad litem was appointed for the infant child.

Chasteen filed an amended petition asking the court to hold that the trust fund was a lapsed devise, or as an alternative to adjudge that Robert took absolute title to the trust fund; also, Chasteen asked for a construction of the will.

The trustee's answer asked the court to construe the will as providing that the income from the trust fund should be used for the maintenance and keep of the beneficiary and as creating a life estate in Robert, with vested remainder in Edward or his children. In answering the order of attachment the trustee pleaded that it had overpaid the beneficiary in the sum of $125.50 and owed him nothing.

Edward's answer asked that the will be construed as giving Robert a defeasible fee to be held in trust,

4

with a contingent remainder to Edward or his children; that the corpus of the estate not be encroached upon but must be held intact until the death of Robert. The guardian ad litem filed answer for Arnett Huffman, the only child of Edward, wherein he asked the court to adjudge Robert a life estate in the trust fund, with remainder in the children of Edward and that there be no encroachment upon the corpus.

The chancellor adjudged that Robert was devised a one-half interest in the estate in trust, the principal of which neither he nor the creditors may touch, but that Robert has the right to claim the net income thereon, which may be subjected to the payment of his debts. Edward was adjudged a contingent remainder interest in the trust fund, and the chancellor held that it was not necessary at this time to decide where Robert's interest will go in the event he outlives Edward or what effect the death of Edward before the death of Robert would have upon the trust fund. Robert and the bank as his trustee appeal, and Chasteen cross-appeals from so much of the judgment as holds that Robert or his creditors cannot touch the corpus of the trust fund.

Appellants insist that the judgment should be reversed because: (1) The petition as amended is not a proper action and should be dismissed; (2) it was error to adjudge the creditor the right to subject the beneficiary's income from the trust fund, since it was created for the support and maintenance of the beneficiary. Appellee contends: (a) That the will established no trust for Robert; (b) that both the income and the corpus are subject to the claim of his creditors, and on his cross-appeal he asks that the corpus be subjected to his debts; (c) that this is an action in the nature of a bill of discovery under sec. 439 of the Civil Code of Practice and is the proper procedure by which a creditor may reach a trust estate.

Appellants take up much of their brief in discussing many well-known principles of law, such as; the intention of the testator should be sustained; where that intention is clear, technical rules of construction are ignored; where two constructions present themselves, the one which disposes of the entire estate should prevail; and where the chancellor's finding is not in accord with

the law, it should be reversed. Many authorities are cited to sustain these principles. But these rules are too well established in our system of jurisprudence to be doubted and appellee does not question them and readily admits their existence and force. However, he insists that they have no application to the instant case, to which we agree.

It occurs to us that this case only presents three questions: (1) Was a trust established for Robert; (2) can this action be maintained under sec. 439 of the Civil Code of Practice; (3) what part of the trust fund is available to the beneficiary, since the creditor stands in his shoes?

It is insisted by appellee that the words in the second Item 3 "in the event Robert should die before his brother Edward, then in that event his half of the property is to pass to Edward or to Edward's child or children," have reference to Robert's death before that of testator and as that did not happen, no trust was created and Robert takes the fee of his one-half of the estate, citing Poore v. Poore, 226 Ky. 668, 11 S. W. 2d 721. The wording of the will in the Poore case makes it quite plain that the testatrix referred to the death of her beneficiary during testatrix's life, while the will before us is just as plain that testator did not refer to Robert's death before Edward's during testator's life, but refers to Robert's death at any time before Edward dies. Wallen v. Nicely, 222 Ky. 825, 2 S. W. 2d 648. Therefore, we conclude that a trust was established in favor of Robert.

It is argued by appellants that the present form of action cannot be maintained because it does not set out the amount of the trust fund, the income thereon and what portion of the income is necessary for the beneficiary's support, citing Pope's Ex'rs v. Elliott, 47 Ky. 56; Davidson's Ex'rs v. Kemper, 79 Ky. 5; Hackett's Trustee v. Hackett, 146 Ky. 408, 142 S. W. 673. We feel appellants have not taken into consideration that the present action is not one solely for an attachment, but is in the nature of a bill of discovery under sec. 439 of the Civil Code of Practice.

The instant case may be distinguished from the Pope opinion both as to the wording of the will and as

to the form of the action brought. The Pope will provides the executors should invest a sum sufficient to produce $25 per month for his son James "which interest they are to appropriate to the support of my son, James Pope, as long as he lives." There, a specific sum was to be paid for the specific purpose of his support; while here, the income of the trust estate was left "for the use and benefit of my son Robert." In the Pope case the debtor had no judgment and his action was not based upon a *NULLA BONA,* but was an attachment proceeding against a non-resident.

In the Kemper case, 79 Ky. 5, the will did not give the son any estate independent of the discretion of the executors and it was there said as it could not be reached by the beneficiary it could not be reached by his creditors.

In the Hackett case, 146 Ky. 408, 142 S. W. 673, the will put the lands in trust for the support of two nephews and their families, hence it was held the lands could not be subjected to the claims of the creditors of the nephews.

Appellants insist that the words in the will before us "to be held * * * for the use and benefit of my son Robert. Robert to receive all the net proceeds derived from the property," are equivalent to and should be construed to mean "for the maintenance and support of Robert." But "use and benefit" are not equivalent to "maintenance and support." This court has defined "maintenance" as "clothing, food and shelter." Park v. Anderson, 11 Ky. Op. 49. Practically the same definition is given in 60 C. J. sec. 2, p. 1170, of "support." The words "use and benefit" have a much broader meaning than "maintenance and support" and the former imply an unlimited estate where there is no devise over. Young's Guardian v. Shaver's Ex'x, 186 Ky. 608, 217 S. W. 902.

In the instant case there was no discretion vested in the trustee as to whether or not it would pay the income to the beneficiary, nor was there any sum certain set aside for the maintenance and support of the beneficiary. In such a state of facts the beneficiary has the right to enforce payment of the income and where he has such right his creditors may subject the income to

the satisfaction of their debts. Department of Public Welfare v. Meek, 264 Ky. 771, 95 S. W. 2d 599. Under KRS 381.180 trust estates are subject to the debts of a beneficiary, and where the beneficiary can force the trustee to pay him, the creditors of the beneficiary may likewise collect their debts from the trustee. Calloway v. Smith, 300 Ky. 55, 186 S. W. 2d 642. But the creditor can subject nothing more in the hands of the trustee than can the beneficiary since the creditor stands in the beneficiary's shoes. Dority v. W. R. Rogers & Co., 223 Ky. 238, 3 S. W. 2d 636.

Here the beneficiary, Robert, could only enforce payment of the income on the trust fund. Likewise, his creditor, the appellee, was limited to the income to satisfy his debt and cannot go against the corpus of the estate. The fact that the trustee has wrongfully overpaid Robert in the sum of $125.50 is no reason why he should not satisfy the creditor out of the current income due the beneficiary. Of course, the trustee cannot defeat the claims of creditors by overpaying the beneficiary. The trustee must pay the appellee's claim out of the income and until this debt is satisfied no part of the income will be paid to Robert. Since the beneficiary, Robert, cannot touch the corpus of the trust fund, neither can his creditor, the appellee.

The only questions the chancellor had before him were whether or not a trust was created, whether Roberts creditor was entitled to subject the income of the trust fund as well as the corpus to the satisfaction of his debt and whether the income could be reached in this form of action. The chancellor answered all three of these questions and we agree with him that it was not necessary to decide in this action what estate Robert will take in the event he survives Edward. Neither Edward nor his child appeals.

For the reasons given, the judgment is affirmed both on the appeal and the cross-appeal.