## BANK OF COMMERCE et al. v. CARTER et al.

Court of Appeals of Kentucky.

March 28, 1952.

Frank S. Ginocchio, Lexington, for appellants.

S. Jewell Rice, Troy D. Savage, Lexington, for appellees.

STANLEY, Commissioner.

Robert Huffman, Sr., devised one-half of his estate in trust for the use and benefit of his son Robert Huffman, Jr., subject to this provision: "In the event Robert should die before his brother Edward, then in that event his half of the property is to pass to Edward or to Edward's child or children." We have construed the bequest as preventing the corpus being subjected to the payment of Robert's debts. Huffman v.

534

Chasteen, 307 Ky. 1, 209 S.W.2d 705. Edward was adjudged to have a contingent remainder interest in the trust fund, the contingency being his survival. What estate Robert would have in the event he should survive Edward was expressly left undecided.

■ Robert has been adjudged an incompetent. His committee filed this suit against the trustee and Edward setting forth facts showing that his maintenance and care require that the corpus be encroached upon. Edward, taking the position that he is the sole remainderman, has expressly consented to a sum being taken from the principal which, added to the income, will amount to $125 a month for his brother's care. The trustee submits (1) that the question is res judicata by the previously affirmed judgment, and (2) that Edward's consent to the encroachment will not protect the trustee from liability to Edward's children, who must be regarded as having an interest in the estate.

We do not think the former judgment is res judicata for, as above stated, the question of Robert's interest was expressly reserved.

■ The provision that in the event Robert should die before Edward, "his half of the property is to pass to Edward or to Edward's child or children" is contradictory in respect to the alternative disposition to the child or children, for if Edward shall survive, it is clear the estate will pass to him. The reference to his child or children is without meaning and must be regarded as surplusage.

■ The chancellor, Judge Adams, thus analyzed the will:

. "After directing the payment of debts and funeral expenses testator stated he wanted the residue of his property divided equally between his two sons, Edward and Robert, Jr. This showed equal love and affection for each child. But he added a restriction which showed he was concerned about Robert being capable of preserving his part of the estate. No doubt there was evidence at that time that Robert was of such an unstable temperament that he would not be able to properly handle his property. Therefore, the testator, desiring to secure for his son the care and protection he had given him while living, provided that Robert's half should be held in trust by Edward.

"The testator evidently considered that Robert Jr., perhaps because of his then physical condition, was likely to predecease Edward and he proceeded to provide for this contingency as follows: 'In event Robert should die before his brother Edward, then in that event his half of the property is to pass to Edward or to Edward's child or children.' Nothing is said about what he desires if Edward died first. Testator does not seem to have realized that Robert might outlive Edward. * * * If Robert outlives Edward, after Edward's death, there is no provision in the will for a remainderman and Robert should be entitled to receive a sufficient amount for his maintenance out of the corpus of the estate freed from the trust and the Trustee would be protected in its payments because there is no remainderman who could object.

"If Robert outlives Edward, after Edward's death, there is no remainderman; it is Robert's estate, left to him by his father who desired it used for his benefit, and if it has been spent for his maintenance, as it should be, and as his father intended it should be, the Trustee should certainly be protected, for the whole purpose of the testator was to provide for his son who was unable to care for himself."

The court found the facts to present a "dire emergency" and expressed the opinion (1) that the intent of the testator was to provide for Robert, who was unable to provide for himself, (2) that Edward is the only remainderman who can take the estate since there is no provision giving his children any interest in it should he predecease Robert, and (3) that the intent of the testator can best be effectuated by allowing Edward to waive his right and permit the trustee to take credit in its final settlement for payments out of the corpus. We concur in these conclusions.

The judgment is affirmed.