## Ballem Estate

*Alexander J. McCloskey* and *Robert J. Lindsay, Jr.*, for accountant.

*William H. Turner* and *Robert W. Mills*, for income beneficiary.

*Harold L. Ervin, Jr.*, for remainderman.

VAN RODEN, P. J., April 19, 1956.—Decedent died August 24, 1953. By her will she devised and bequeathed her residuary estate in trust for the payment of net income unto her son Francis X. Ballem for life, with remainder unto his then living issue.

In addition to a spendthrift trust clause, decedent's will contains the following provisions:

"2. Trustee is authorized to expend from principal or corpus such amounts as in its absolute and uncontrolled discretion may be necessary for the care and maintenance of my son, Francis X. Ballem, so long as he is married.

"3. Upon my son, Francis X. Ballem, ceasing to be married, trustee shall pay over, transfer and deliver unto him, upon his written request, from the principal or corpus of the trust, not more than the non-cumulative sum of Five Hundred Dollars ($500.00) per calendar year.

"4. Upon the depletion of Principal or corpus of the trust to Five Thousand Dollars ($5,000.00) or less, the trustee shall pay over, transfer and deliver quarterly, unto my said son, Francis X. Ballem, one half the balance of the principal or corpus of the trust in the first calendar year following such depletion, and the entire balance, quarterly, in the second calendar year."

The first account of the trustee presently before the court discloses a balance of principal in the amount of $11,833.79 and a balance of income amounting to $326.32.

The trustee has presented to the court a petition for the approval of payment out of the corpus of the trust fund of certain expenditures relating to pending criminal proceedings involving decedent's son, the said Francis X. Ballem.

The court takes judicial notice from the records and proceedings of the Court of Oyer and Terminer of Delaware County, that Francis X. Ballem, son of decedent, has been indicted and convicted of murder with penalty of death fixed by the jury. An appeal is presently pending before the Supreme Court of Pennsylvania.

The trustee proposes to pay out of the corpus of the trust fund: (1) The sum of $5,000 in counsel fees to William H. Turner, Esq., and Robert W. Ellis, Esq., for services rendered in defending Francis X. Ballem in the murder case; (2) the sum of $1,200 to a psychiatrist and a clinical psychologist who testified at the

trial of the criminal case; and (3) approximately the sum of $4,500 as the cost of printing the record and briefs of counsel in connection with the appeal of that case to the Supreme Court.

In other words, it is proposed to exhaust the entire trust fund to defray the expenses of the criminal proceeding.

The question requiring determination by the court is whether expenses incurred in the course of a criminal proceeding involving the death penalty may properly be considered as necessary expenses for "care and maintenance" so as to come within the provisions of decedent's will.

It would be absurd to impute to decedent an intention, as expressed in her will, to have the assets of her estate available for the defense of her son on a murder charge, since such situation must certainly have been inconceivable to her. It is more likely that when she used the words "care and maintenance" in her will she intended the normal and customary connotation of clothing, food and shelter. See Huffman v. Chasteen, 307 Ky. 1, 209 S. W. 2d 705, 708 (1948). "Support and maintenance have been held to include food, clothing, and medical care, since proper medical treatment for the sick is deemed as necessary as providing food for the hungry": 54 C. J. S. 905.

The present requirements of Francis X. Ballem with respect to clothing, food and shelter are being adequately met by institutionalization at the expense of the Commonwealth. It has been argued in the instant case, not entirely without logic, that Francis X. Ballem is presently in greater need of legal help than medical attention if he is to be kept alive. It might also be argued with equal force that legal insulation against a current of electricity might be greater comfort than the physical insulation of adequate shelter.

But the fact remains that to exhaust the trust estate for his legal defense would be to pervert the intention of testatrix that the assets of her estate be applied for clothing, food and shelter of her son during his lifetime and thereafter for his issue. While the son may have been the primary object of testatrix's bounty, he was not the exclusive object thereof. The minor granddaughter of testatrix is certainly entitled to consideration at the hands of the court.

In effect, the application in this instance is to treat the costs and expenses of litigation in which the life beneficiary is involved, even though, as an incident thereto, the continuance of his life is involved, as in the category of "care and maintenance" as expressed in decedent's will. The court cannot hold such to be the law in the present case.

In any event, even if the words "care and maintenance" might be distorted to comprehend legal and witness fees and printing expenses, petitioner is still precluded from the relief prayed for by the limitation contained in decedent's will that expenditures may be made only "so long as he is married".

It is an admitted fact that Francis X. Ballem's wife, to whom he was married at the time of his mother's death, obtained a divorce on June 27, 1955, by decree of Court of Common Pleas No. 4 of Philadelphia County. Any present expenditure for printing expenses is clearly ruled out by the fact that Francis X. Ballem was not married when such expenses were to be incurred.

With respect to the proposed payments for legal fees and expert medical testimony, even though such services may have been rendered prior to the entry of the final decree in divorce, it is the opinion of the court that the phrase "so long as he is married" relates to the time of the actual disbursement of funds from the

estate and not to the time that the services were rendered.

We do not hold that Francis X. Ballem's able counsel and expert witnesses should go uncompensated for the brilliant and untiring services rendered in his defense. We merely hold that their compensation may not be paid out of the trust estate to the detriment of decedent's granddaughter. Accordingly, the petition for approval of the above mentioned expenditures is refused and dismissed, without prejudice, however, to the right of the interested parties to apply for and receive compensation from public funds to the extent provided by law.

Accordingly, the court enters the following

*Order*

And now, to wit, April 19, 1956, the petition for approval of expenditures out of the principal assets of the trust estate having come on to be heard by the court, and it appearing to the court that such proposed expenditures are not warranted under the terms of decedent's will, it is therefore ordered, adjudged and decreed as follows:

1. Petitioner's request for leave to expend the sum of approximately $4,500 for printing the record and briefs of counsel for the purpose of the appeal of the criminal proceeding of Commonwealth v. Francis X. Ballem, is hereby disapproved and refused.

2. Petitioner's request for leave to expend the sum of $700 for professional services rendered by Dr. Albert M. Biele, psychiatrist, is hereby disapproved and refused.

3. Petitioner's request for leave to expend the sum of $500 for professional services rendered by Dr. Olive P. Morgan, clinical psychologist, is hereby disapproved and refused.

4. Petitioner's request for leave to expend the sum of $5,000 for professional services rendered by William H. Turner, Esq., and Robert W. Mills, Esq., as attorneys' fees in connection with the criminal proceeding of Commonwealth v. Francis X. Ballem is hereby disapproved and refused.

5. The petition is hereby dismissed in toto.