Elaine Gee GOFORTH, Appellant,

v.

Thelma A. GEE, a/k/a June Gee; the Third National Bank of Ashland, Kentucky (now National City Bank of Kentucky); and the Third National Bank of Ashland, Kentucky, Trustee (now National City Bank of Kentucky, Trustee), Appellees.

No. 97–SC–291–DG.

Supreme Court of Kentucky.

Sept. 3, 1998.

Robert W. Miller, Grayson, for Goforth.

David R. Reeves, Grayson, J.K. Wells, Paintsville, for Gee.

Robert P. Woods, Ashland, for National City Bank of Kentucky, and National City Bank of Kentucky, Trustee.

STUMBO, Justice.

This opinion addresses the issue of whether a support trust, which is deemed not to be a "spendthrift trust" as defined by KRS 381.180(2), may be reached by a beneficiary's judgment creditor. The trust in question is a testamentary trust, established by the last will and testament of Kyon P. Gee. Under the terms of her will, Kyon Gee devised one-fourth of her estate to the Third National Bank of Ashland, Kentucky (hereinafter Third National) as trustee for her daughter, Thelma A. Gee, "to pay such amount of the interest quarterly to my said daughter so that she may be maintained and cared for in accordance with her station in life." The trust provision provides for accumulation of any unpaid income to the corpus, and, upon Thelma Gee's death, a gift of the corpus over to several named beneficiaries. The trust came into existence upon Kyon Gee's death in October of 1966.

In 1992, Appellant, Elaine Goforth, obtained a judgment against Thelma Gee, in the amount of twenty-five thousand dollars ($25,000). That judgment was subsequently

affirmed on appeal by the Kentucky Court of Appeals. In 1993, Goforth obtained an Order of Wage Garnishment directed to and served upon Third National. In its answer to the garnishment, Third National admitted it was a trustee on behalf of Gee, but denied it held any wages due Gee, and stated that it had no funds or property that belonged to Gee.

Goforth moved for a court order to compel Third National to pay her sufficient funds from Gee's trust to satisfy the $25,000 judgment. The Carter Circuit Court denied Goforth's motion because it found the trust was a spendthrift trust as defined by KRS 381.180, and, thus, pursuant to the statute, the trust's income and principal were not reachable by Gee's creditors.

Goforth appealed to the Kentucky Court of Appeals. Appellee, National City Bank (hereinafter National City), has since succeeded to the interest of Third National. The Court of Appeals agreed with Goforth that the trust was not a spendthrift trust, but held that the trust was nevertheless immune from garnishment as a "support trust." It therefore affirmed the circuit court's decision.

We granted discretionary review. Although we agree with much of the Court of Appeals' analysis, we disagree with its ultimate conclusion that a support trust is immune from attachment under Kentucky common law. Therefore, for the reasons set forth below, we reverse the decision of the Court of Appeals and remand the case to the Carter Circuit Court.

■ We begin by noting that we agree entirely with the Court of Appeals' determination that the trust in question is a support trust, not a spendthrift trust.

KRS 381.180(2) provides:

"[S]pendthrift trust" means a trust in which by the terms of the instrument creating it a valid restraint on the voluntary and involuntary alienation of the interest of a beneficiary is imposed.

Here, the language of the trust in no way expresses an intention on behalf of the settlor to restrain the beneficiary's (Gee's) voluntary or involuntary alienation of her interest. Rather, the trust clearly states that the income from the trust should be used to "maintain" Gee "in accordance with her station in life." Although the standard by which to measure the amount of income Gee should receive as support is rather nebulous, the terms of the trust nonetheless manifest a clear directive that the trust income is to be used to support Gee.

■ We now turn to the Court of Appeals' analysis of the import of KRS 381.180(1). The statute provides:

Estates of every kind held or possessed in trust are subject to the debts and charges of the beneficiaries thereof the same as if the beneficiaries also owned the similar legal interest in the property, unless the trust is a spendthrift trust.

KRS 381.180(1). Although at first blush the Court of Appeals' holding (that a support trust may not be reached by a beneficiary's creditors) appears to be in direct conflict with the terms of the statute, the court reasoned that the legislation had not been intended to abrogate the common-law doctrine of trusts. That conclusion was supported by the decision in *Calloway v. Smith*, Ky., 300 Ky. 55, 186 S.W.2d 642 (1945).

In 1945, the year *Calloway* was decided, KRS 381.180 made no exception for a spendthrift trust, and instead simply required that "every" trust was subject to the debts and charges of its beneficiaries. In *Calloway*, the Court held that, despite the statute, a "discretionary trust" was not subject to the claims of the beneficiary's creditors. *Id.* at 644.

Although the statute was amended in 1966, well after *Calloway* was decided, and now provides that "every" trust, *except* a "spendthrift trust" is subject to creditors' claims, the Court of Appeals concluded that the 1966 amendment did not overrule *Calloway*, nor abrogate the existing common-law of trusts. Instead, the 1966 amendment to KRS 381.180 was designed merely to permit the creation of a valid spendthrift trust provision restraining the voluntary or involuntary alienation of a beneficiary' interest, where no

**450**

such provision had been previously permitted by law.[1]

■ With this much of the Court of Appeals' opinion we also agree. The opinion, however, stopped one step short of reaching the proper outcome. The common-law of Kentucky does indeed hold that a purely discretionary trust is not subject to the claims of a beneficiary's creditors. *Calloway*, 186 S.W.2d at 643. This is so because, when a trustee has the absolute discretion to withhold from the beneficiary all payments or beneficial use of the trust assets, the beneficiary has no enforceable interest in the trust. *Id.* As the *Calloway* Court put it:

> The test in every case is: Has the beneficiary such an interest in the trust estate that he may demand it from the trustee? If so, it is subject to his debts. If not, it is beyond the reach of his creditors who stand in his shoes.

*Id.* at 643–44 (citing *Dority v. W.E. Rogers & Co.*, Ky., 223 Ky. 238, 3 S.W.2d 636 (1928)).[2]

The terms of the trust in the case at bar, however, give no discretion to the trustee to withhold payment of the trust income from Gee. Rather, the wording of the trust requires the trustee to pay to Gee as much of the trust income as is necessary to maintain her "in accordance with her station in life." Thus, the trustee's duty to pay the trust income to Gee for her support is mandatory, not discretionary. Accordingly, Gee has an enforceable interest in the trust and can compel the trustee to pay her whatever amount might be needed to maintain her in a manner consistent with the standard of living indicated in the trust. That standard cannot be altered by the Trustee and is not subject to its discretion. Because Gee can demand payment from the trustee, so may her creditors who "stand in her shoes."

■ Although we hold that Goforth, as Gee's judgment creditor, may reach the income of Gee's trust in satisfaction of the judgment, the same cannot be said of her ability to reach the corpus of the trust. Gee's right, under the terms of the trust, is to receive payment out of the interest earned on the investment of the trust corpus. She has no right to receive payment for her support out of the corpus of the trust itself. Not only would Gee not prevail were she to attempt to compel the trustee to pay her any part of the trust corpus, but the trustee, if it were to invade the corpus in order support and maintain Gee, would surely be in breach of its fiduciary duty owed to the remaindermen. Clearly then, because Gee has no enforceable interest in the trust corpus, her creditors likewise may not reach it. *Huffman v. Chasteen*, Ky., 307 Ky. 1, 7, 209 S.W.2d 705, 708 (1948); *Dep't Pub. Welfare v. Meek*, Ky., 264 Ky. 771, 774, 95 S.W.2d 599, 601 (1936).

For the reasons set forth above, we reverse the decision of the Court of Appeals and remand the case to the Carter Circuit Court for proceedings consistent with this opinion.

All concur.

---

**1.** *See, e.g., Meade v. Rowe's Ex'r*, Ky., 298 Ky. 111, 116, 182 S.W.2d 30, 33 (1944)("One cannot devise his property so that it will not be subject to the debts of the devisee unless the devise contains a condition of cesser upon an attempted alienation or the estate created is a mere use at the absolute and uncontrolled discretion of the trustee.") (citations omitted).

**2.** *See also Todd's Ex'rs v. Todd*, Ky., 260 Ky. 611, 614, 86 S.W.2d 168, 170 (1935)("The rule is that, when the trustee has the discretion to withhold from the beneficiary all interest in the trust fund, then the fund may not be subjected to the debts of the beneficiary, but that, if the beneficiary may in equity compel the trustee to pay her a certain part of the estate or income, the creditors may do the same.")(quoting *Cecil's Trustee v. Robertson & Brother*, Ky., 105 S.W. 926, 927, 32 Ky. Law Rep. 357 (1907)).